MATTHEW P. CONNELLY
CHRISTOPHER M. NOVY
JOHN J. ROCK

CORY D. ANDERSON
STACY A. BENJAMIN
SARA MASLOROFF
DAVID L. MILLER
JAMES B. NOVY
EILEEN E. ROSEN

LAW OFFICES
**ROCK FUSCO & CONNELLY, LLC**
321 NORTH CLARK STREET
SUITE 2200
CHICAGO, ILLINOIS 60654
(312) 494-1000
FAX (312) 494-1001
WWW.ROCKFUSCOCONNELLY.COM

CATHERINE M. BARBER
CARLY D. BERARD
BRANDON CARNES
THERESA BEROUSEK CARNEY
PATRICK W. CHINNERY
SILVIA MERCADO MASTERS

PHILIP J. ROCK, Emeritus
DANIEL R. FUSCO
MICHAEL P. CONNELLY
PAUL D. STREICHER
JOHN SULLIVAN
*OF COUNSEL*

November 14, 2014

**VIA EMAIL**

Locke Bowman
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611

J. Samuel Tenenbaum
Bluhm Legal Clinic
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611

Russell Ainsworth
Steve Art
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607

*Re:* *Rivera v. City of Chicago, et al.*
Case No.: 12 C 4428

Dear Counsel,

On October 31, 2014, we engaged in a phone conference to discuss a number of issues, one of which was Plaintiff's Rule 30(b)(6) notice. During the phone conference, the City requested you articulate the reasoning behind each of the six topics of evidence requested in this notice. After hearing your responses and reviewing the notice further, the City lodges the following objections:

- With respect to (1)(b), this topic is only relevant if there is evidence that some witness was coerced or otherwise treated in such a manner that compelled the witness to provide false testimony in this case. Here, there is no evidence of that. Quite the opposite, Orlando Lopez has already testified that he was not coerced, that he knew he was testifying falsely, and that decision to do so was his and his alone. Further, this evidence is un-contradicted making this avenue of discovery wholly irrelevant. Plaintiff also articulated that this topic supports his "404(b) theories." That cannot be. No matter what the City's policies or practices are, that evidence is not probative of whether an individual defendant did or did not commit a prior bad act. Accordingly, evidence of the City's

policies and practices as they relate to witness interviews is of no consequence in this case.

- With respect to (2), during our phone conversation, we asked you to clarify what evidence you were seeking with this request. You responded that you were interested in how records were stored and located in 1988-1990, during the post-conviction proceeding, and during this civil suit. We responded that the City would be willing to provide that information as it related to the 1988-1990 timeframe, but anything beyond that is not relevant here. In drafting this objection, however, we observed that this request is actually limited to "the City's efforts to locate and produce files responsive to Plaintiff's document requests in this case," apparently excluding efforts from 1988-1990 and during the post-conviction proceeding. Accordingly, your response for why this evidence is needed here is misplaced. Moreover, the details of this request do not help the City discern Plaintiff's need for this evidence. For instance, you first ask for efforts related to the location and production of documents related to the Valentin homicide investigation. However, Detective Wronkowski has already been produced and deposed on this issue. You next ask for "Documents produced initial by detectives, gang crimes specialists, and evidence technicians." That phrase is confusing, and the City does not know to what Plaintiff is referring. Lastly, this request includes evidence related to the filing cabinets at Area North. This issue has already been litigated extensively, and in fact, to the extent the Court has permitted, you will soon view the storage area yourselves. Accordingly, what additional evidence Plaintiff requires on this topic is unclear.

- With respect to (4)(a)-(i), it is the City's position that what training it may or may not have provided on these topics is irrelevant here. Quite frankly, the allegations in this case go well beyond the issue of training; instead, they include allegations that the individual defendants manipulated a witness to lie, falsified police reports, and *intentionally* concealed exculpatory evidence. Clearly then, even if Plaintiff could prove that the City was in any way deficient with respect to training in these areas, that fact bears no impact on the allegations that the individual defendants engaged in acts that are obviously underhanded and scheming. Moreover, the defense in this case is that those things did not happen. Plaintiff will not be able to prove that they did because of any deficiency in training.

- Finally, with respect to (5) and (6), you request seeks evidence related to the City efforts to combat certain issues, but Plaintiff has not presented any evidence these issues were, or are, actual problems of which the City should have been aware. If Plaintiff could point to that evidence, then the City may be able to respond specifically, but otherwise, this request appears to demand a defense from the City without any evidence of what it should be defending against.

If you have any questions please do not hesitate to contact me.

Sincerely,

Eileen E. Rosen

cc: Jeff Given, The Sotos Law Firm, P.C.