Russell Ainsworth
Steve Art
Roshna Bala Keen
Vincenzo Field
Gayle Horn
Michael Kanovitz
Heather Lewis Donnell
Samantha Liskow
Arthur Loevy
Danielle Loevy
Jon Loevy
Debra Loevy-Reyes

# LOEVY & LOEVY
## ATTORNEYS AT LAW

312 N. May Street
Suite 100
Chicago, Illinois 60607

Aaron Mandel
Elizabeth Mazur
Pier Petersen
Scott Rauscher
Rachel Steinback
Anand Swaminathan
Julie Thompson
Tara Thompson
Cindy Tsai
Daniel Twetten
Elizabeth Wang

Telephone 312.243.5900
Facsimile 312.243.5902

Website www.loevy.com
Email loevylaw@loevy.com

December 1, 2014

*Via Electronic Mail*
Eileen Rosen
321 N. Clark Street
Suite 2200
Chicago, IL 60654

Re: *Rivera v. Guevara, Case No. 12 C 4428*

Dear Eileen:

We received your November 14, 2014 letter raising objections to nearly all of the topics in our 30(b)(6) deposition. I write in response.

First, Plaintiff issued the Notice of 30(b)(6) deposition on April 2, 2014, and followed up repeatedly seeking the City's designations, including by email on August 17, September 26 and October 20. The City's objections come more than seven months after Plaintiff issued the notice. As such, the City's untimely objections are waived. *See, e.g.*, *Martinez v. Cook County*, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012); *Hobley v. Burge*, 2003 WL 22682362, at *3 (N.D. Ill. Nov. 12, 2003); *see also, e.g., Davis v. City of Springfield*, 2009 WL 268893, at *3 (C.D. Ill. Jan.30, 2009) (two month delay in asserting objections, with no proffered explanation, amounted to waiver); *Lock Realty Corp v. U.S. Health L.P.*, 2008 WL 4372411, at *2 (N.D. Ind. Sept. 22, 2008) (objections raised nearly a month-and-a-half after they were due were waived); *Alloc, Inc. v. Unilin Decor N.V.*, 2006 WL 2583431 (E.D. Wis. Sept. 5, 2006) (objections raised to discovery requests six months after requests were made were untimely and waived).

Although we believe that the City's remarkably lengthy delay in raising objections

Eileen Rosen
December 1, 2014
Page 2 of 3

LOEVY & LOEVY
ATTORNEYS AT LAW

makes the waiver argument particularly compelling here, we are nevertheless willing to withdraw some of our requests in an effort to resolve this matter without the need to involve the court. Plaintiff will withdraw his request for the City's deposition on topics 1(b), as well as 4(a), 4(b), 4(c), and 4(d), without conceding that the City's objections to those topics are well founded.

As for the remaining topics, Plaintiff cannot agree to withdraw his request for Rule 30(b)(6) testimony by the City because the topics are absolutely central to Plaintiff's theories of individual and municipal liability in the case. Regarding request 2, Plaintiff is seeking information regarding what efforts the City has made to locate and produce documents relating to the Valentin homicide investigation. This is a common 30(b)(6) request, yet the City objects to it.[1] The request is simple: Who looked for responsive documents? Where did they look (and not look)? For the records that were produced, where were they found (and where have they been)? These are basic questions, and particularly relevant to both Plaintiff's individual and *Monell* claims, and given the parties' ongoing disputes over street files in this case and the inconsistent responses given to Plaintiff regarding the contents and locations of particular documents in the Valentin investigation. We further note that the City continues to refuse to respond on this issue when presented by interrogatory. *See* City's Response to Plaintiff's Seventh Set of Interrogatories, No. 1.

With regard to request 4(e), (f), (g), (h) and (i), these requests seek the City's binding testimony as to the City's training of officers on topics relevant to this case, including live/in-person and photographic lineups, preservation of information during homicide investigations, the use of gangbooks during homicide investigations, *Brady* obligations, and use of street files and other investigative files by Gang Crimes Specialists. The City cannot reasonably claim that these topics are not relevant; they are at the heart of Plaintiff's individual and *Monell* claims. To the extent your letter appears to articulate an argument that the failure to train cannot be a "moving force" as to any *Monell* claim, that is an argument for summary judgment and trial. The failure to train is a tried and true *Monell* theory, and these are subjects well within the bounds of Plaintiff's allegations as set forth in his complaint and discovery responses. Merely by way of example, Plaintiff has amassed substantial evidence that information was withheld from him in violation of *Brady*; Plaintiff is entitled to present evidence in support of both his individual claims and his Monell claims that this *Brady* violation occurred because the City failed to properly train officers about their *Brady* obligations.

---

[1] Contrary to the City's statement in its letter, Plaintiff has not agreed to limit this request to "how records were stored and located in 1988-1990." Plaintiff merely pointed out that where the Valentin homicide records from 1988 to 1990 have been stored from that time to the present is highly relevant in this case, and indeed a topic in which the Court has expressed particular interest.

Eileen Rosen
December 1, 2014
Page 3 of 3

LOEVY & LOEVY
ATTORNEYS AT LAW

With regard to request 5, the City is refusing to produce anyone to provide binding testimony about discipline against Reynaldo Guevara, and regarding highly-relevant topics such as improper eyewitness identification procedures; *Brady* violations; non-compliance with the 1982, 1983 and 1986 police orders regarding street files; and the preservation of information learned during homicide investigations. Again, failure to discipline is a tried and true theory of *Monell* liability, and Plaintiff is entitled to prove that misconduct that occurred during the Valentin investigation on any of these topics resulted from the City's failure to discipline officers in these areas. The City's claim that Plaintiff has not presented evidence on these points is simply wrong, and in any event is an argument for summary judgment.

Finally, the City objects to producing the final policymaker(s), or the persons designated to speak on their behalf, in response to request 6. The City's basis – that Plaintiff "has not presented any evidence that these issues were . . . actual problems" – is plainly erroneous. These are arguments for summary judgment. The City does not get to decide by fiat that Plaintiff's evidence of misconduct on these topics is inadequate to prove his claims, and therefore conclude unilaterally that Plaintiff is not entitled to know policymaker information necessary to prove his *Monell* claims. Moreover, Plaintiff notes that the City has refused to respond to Plaintiff's interrogatory requests asking that it identify final policymakers on many of the same topics. *See* City's Response to Plaintiff's First Set of Interrogatories, Nos. 9-11. In an effort to reach a compromise, Plaintiff is willing to withdraw this 30(b)(6) request if the City will provide the requested information through a fulsome interrogatory response.

Please let us know by December 5, 2014 whether the City will agree to the compromise Plaintiff has set forth above. In addition, please note that we intend to flag this issue for the Court during tomorrow's status conference.

As always, I thank you for your cooperation.

Sincerely,

Anand Swaminathan

Cc: All counsel of record