MATTHEW P. CONNELLY
CHRISTOPHER M. NOVY
JOHN J. ROCK

CORY D. ANDERSON
STACY A. BENJAMIN
SARA MASLOROFF
DAVID L. MILLER
JAMES B. NOVY
EILEEN E. ROSEN

LAW OFFICES
ROCK FUSCO & CONNELLY, LLC
321 NORTH CLARK STREET
SUITE 2200
CHICAGO, ILLINOIS 60654
(312) 494-1000
FAX (312) 494-1001
WWW.ROCKFUSCOCONNELLY.COM

CATHERINE M. BARBER
CARLY D. BERARD
BRANDON CARNES
THERESA BEROUSEK CARNEY
PATRICK W. CHINNERY
SILVIA MERCADO MASTERS

PHILIP J. ROCK, Emeritus
DANIEL R. FUSCO
MICHAEL P. CONNELLY
PAUL D. STREICHER
JOHN SULLIVAN
OF COUNSEL

December 10, 2014

**VIA EMAIL**

Locke Bowman
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611

J. Samuel Tenenbaum
Bluhm Legal Clinic
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611

Russell Ainsworth
Steve Art
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607

   Re: *Rivera v. City of Chicago, et al.*
      Case No.: 12 C 4428

Dear Counsel,

  Thank you for your December 1, 2014 correspondence and your willingness to compromise and withdraw topics 1(b) and 4(a)-(d). While I had hoped that we could reach agreement, unfortunately, and despite my invitation during our October 31, 2014 phone conference, in the City's view, Plaintiff has failed to articulate a basis, based on the underlying facts of *this case*, for the necessity of a 30(b)(6) witness on the topics still at issue. As an initial matter, based upon the previous discussions had between the parties on the topic of 30(b)(6) witnesses, the City's objections are timely and there has been no waiver. I will now briefly address my continued concerns about the remaining topics in dispute.

  First, with respect to request (2), whether or not the request is a "common 30(b)(6) request" or not, based upon the procedural posture of this case, which includes but is not limited to a court ordered inspection of the warehouse, Area North, as well as a review of every piece of paper in every file contained in all of the cabinets located on the first floor of Area North going back decades, and the deposition of the Detective Wronkowski, the City sees no reasonable basis for this request and, in the City's view, Plaintiff has not articulated one.

Second, with respect to requests (4)(e)-(i), in the City's view, Plaintiff has, again, failed to articulate a reasonable basis for this request. While the failure to train may be "a tried and true *Monell* theory," Plaintiff has failed to articulate how, based upon the circumstances of *this case*, Plaintiff's claim here can in any way be tied to a training failure. Plaintiff's broad statement that Plaintiff has "amassed substantial evidence that information was withheld from him" does not in any way explain how that allegation is tied to training. By way of example, as the City understands it, Plaintiff is alleging that some or all of the Defendant Police Officers conducted a line-up viewed by Orlando Lopez in which Plaintiff was not identified. Then, to cover-up this potential exculpatory information, some or all of Defendant Police Officers falsified a police report claiming that, in fact, no line-up occurred. Plaintiff cannot possibly reasonably believe that this alleged misconduct was a result of a training failure.

Third, with respect to request (5), again, the City does not disagree that as a general matter "failure to discipline is a tried and true theory of *Monell* liability." Notwithstanding that agreement, in the City's view the 30(b)(6) request is objectionable because Plaintiff's request presupposes that the misconduct set forth in subparagraphs (a)-(e) existed and the City did nothing to "identify, investigate, or prevent" said misconduct. The City disagrees with the premise underlying the request, thereby rendering the request unreasonable.

Finally, request (6), which appears to request a 30(b)(6) witness who can speak to the identity of the individual with final policy making authority on every topic, is, in the City's view, duplicative and overbroad.

I am certainly happy to continue the discussion further if you so desire, and, of course, if you have any questions, please do not hesitate to contact me.

Sincerely,

*Eileen E. Rosen*/cmc

Eileen E. Rosen


cc: Jeff Given, The Sotos Law Firm, P.C.