IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | Case No. 12 C 4428 |
| Plaintiff, ) | |
| ) | Hon. Joan B. Gottschall, |
| v. ) | District Judge |
| ) | |
| REYNALDO GUEVARA, *et al.*, ) | Hon. Mary M. Rowland, |
| ) | Magistrate Judge |
| Defendants. ) | |

**<u>PLAINTIFF'S SECOND SUPPLEMENTAL RULE 26(A)(1) DISCLOSURES</u>**

Plaintiff JACQUES RIVERA, by his attorneys, pursuant to the Court's Orders of June 12, 2015, Doc. No. 202, September 2, 2015, Doc. No. 206, and October 13, 2015, Doc. No. 210, hereby submits the following supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

The following individuals are likely to have discoverable information that Plaintiff may use to support his claims:

1.  The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▮▮▮▮▮▮, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. P128067. In connection with this investigation, ▮▮▮▮ ▮▮▮▮, ▮▮▮▮▮▮▮, and ▮▮▮▮▮▮ were charged with the murder of ▮▮ ▮▮▮▮. Records of a police interview with witness ▮▮▮▮▮▮▮ reveals that

on the day ▒▒▒▒ was killed he had had a fight with an alternative suspect named ▒▒▒▒ and others. During this fight, ▒▒▒▒ had threatened to kill ▒▒▒▒ *See* Bates No. RFC 14637-38. This information was not included in the permanent retention file and based on information and belief was not provided to ▒▒▒▒ ▒▒▒▒ ▒▒▒▒ or their criminal defense attorneys. Instead, typed police reports included in the permanent retention file state that ▒▒▒▒ "came to the scene after the incident occurred and had no real information to provide." *See* Bates No. RFC 163227. The following individuals are likely to have discoverable information: ▒▒▒▒ ▒▒▒▒ (*contact information unknown, investigation continues*); ▒▒▒▒; ▒▒▒▒; ▒▒▒▒; ▒▒▒▒.

    2.    The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▒▒▒▒ ▒▒▒▒, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. J215119. In connection with this investigation, ▒▒▒▒ ▒▒▒▒ was charged with and convicted of murder. ▒▒▒▒ conviction was overturned on appeal. He pleaded guilty to second-degree murder on remand, rather than submitting to a re-trial. The central dispute at ▒▒▒▒ criminal trial was whether ▒▒▒▒ had acted in self-defense. ▒▒▒▒ and the victim, ▒▒▒▒

2

▇▇▇ had been in an altercation earlier in the day, during which ▇▇▇ had cut ▇▇▇ with a knife. A handwritten general progress report included in the investigative file states that a witness named ▇▇▇ told investigators that ▇▇▇ had put his fists up and punched ▇▇▇ in the face just before ▇▇▇ stabbed ▇▇▇ *See* Bates No. RFC 6567. This information was not included in the permanent retention file and based on information and belief was not provided to ▇▇▇ or his criminal defense attorneys. Instead, the typed police reports included in the permanent retention file state that ▇▇▇ told investigators that ▇▇▇ had "put his hands up" prior to the stabbing, implying that ▇▇▇ had not been aggressive. *See* Bates No. RFC 160559. The following individuals are likely to have discoverable information: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

    3.    The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▇▇▇ ▇▇▇, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. H422157. In connection with this investigation, ▇▇▇ ▇▇▇, ▇▇▇, and ▇▇▇ were charged with the murder of ▇▇▇. The murder allegedly occurred in the course of an armed robbery. An anonymous note in the investigative file provides the name and

3

description of a single offender who allegedly committed the crime along with information about where he could be found. *See* Bates No. RFC 4873-75. This information was not included in the permanent retention file and based on information and belief was not provided to ███████ ████ ██████ or ██ or their criminal defense attorneys. The following individuals are likely to have discoverable information: ████████████████████████████████████████████████████;

████████████████████████████████████████; ███████

████████████████████; ████████████████████████████████

████████; ████████████████████████████████████████

████████; ████████████████████████████████████

████████████████████████████████████████.

    4.    The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ████████, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. P272087. In connection with this investigation, ████████ ████████ was charged with the murder of ████████ and was convicted on June 12, 1991. The investigative file contains documentation of an in-person lineup, in which a witness positively identified an alternative suspect named ████████. *See* Bates No. RFC 15470-71. The report of this lineup and all references to this lineup occurring are omitted from the permanent retention file and based on information

and belief were not provided to ▉ or his criminal defense attorneys. Instead, typed police reports included in the permanent retention file state that ▉ appeared in a lineup that resulted in no positive identification. *See* Bates No. RFC 15480. The following individuals are likely to have discoverable information: ▉; ▉ ▉.

     5.     The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▉ ▉, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. N114280. In connection with this investigation, ▉ was charged with the murder of ▉ and was convicted. The investigative filed contains documentation stating that a man named ▉ was a purported eyewitness to the crime and that, on the day after the crime, ▉ was arrested in connection with an armed robbery and participated in a lineup. *See* Bates No. RFC 11711-17. Later in the month, ▉ provided a statement to police, implicating ▉ in ▉ killing. Information regarding ▉ arrest for armed robbery and participation in a lineup is not included in the permanent retention file and based on information and belief was not provided to ▉ or his criminal defense attorneys. The following individuals are likely to have discoverable information: ▉

5

███████████████████████████████████████████████████████████████.

      6.     The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ██████████ and ██████████, in what appeared to be a gang-related shooting, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. M184949. In connection with this investigation, ██████████ was charged with the murder of ███ and █████ and was convicted. The investigative file contains handwritten notes discussing an alternative suspect named ██████████, as well as notes describing the offender's car and eyewitness accounts of the offense. *See* Bates No. RFC 9669, 9671, 9698-9702, 9704-9713, and 9720. These notes are omitted from the permanent retention file and based on information and belief were not provided to █████ or his criminal defense attorneys. The following individuals are likely to have discoverable information: ██████████████████████████████████████████; █████████████████████████████████████████████████.

      7.     The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ██████████, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide

investigation RD No. M258570. In connection with this investigation, ▇▇ ▇▇ was charged with the murder of ▇▇▇▇▇▇, along with ▇▇ ▇▇ The investigative file contains documents relating to an alternative suspect named ▇▇▇▇▇▇; eyewitnesses to the crime, including signed statements provided by those witnesses and notes of witness interviews; and a photo lineup that was conducted prior to a live, in-person lineup in the case. *See* Bates No. RFC 9972, 9974, 9976, 9978, 9982, 9984, 9986-87, 9989-90, 10076, 10093, 10058, 10053-54, 10009-10, 10060-61, 10098. These documents are omitted from the permanent retention file and based on information and belief were not provided to ▇▇▇▇ ▇▇▇▇ or their criminal defense attorneys. The following individuals are likely to have discoverable information: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇.

8. The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▇▇▇▇▇▇, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. M381429. In connection with this investigation, ▇▇▇▇ ▇▇▇▇ was charged with the murder of ▇▇▇▇▇▇ and was convicted. ▇▇▇▇ was beaten to death during an armed robbery. The investigative file contains police

7

reports indicating that ▮ had been mugged twice in August 1989 and that she died from injuries suffered during the second of those two muggings. In addition, reports in the investigative file state that ▮ could not see or identify the offender involved in the first of the two muggings and that the first incident was not serious, such that ▮ refused medical treatment. *See* Bates No. RFC 10273, 10283-85, and 10251-57. These reports are omitted from the permanent retention file and based on information and belief were not provided to ▮ or his criminal defense attorneys. ▮ was convicted of murder based on a confession that he had been involved in a purse snatching involving ▮ The following individuals are likely to have discoverable information: ▮ ▮ ; ▮ ▮ .

    9.    The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▮ ▮ including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. M127008. In connection with this investigation, ▮ was charged with the murder of ▮ and was convicted. ▮ was shot in a gang shooting and died about 14 years later. ▮ was initially convicted of aggravated battery and later tried and convicted of murder. The investigative file contains Supplemental Reports that include a

description of offender, offense details, motive information, witness identities and interview notes, gang affiliation, a line-up report, notes about an interview between the State witnesses and the ASA, detail the results of a neighborhood canvass, and information regarding witnesses ███████, ███████, ███████ and ███████████████. See Bates No. RFC 9278-93. These reports are omitted from the permanent retention file and based on information and belief were not provided to ████ or his criminal defense attorneys. Virtually everything in the investigative file is absent from the permanent retention file, and the investigative file affirmatively indicates that officers searched for the street file, but it had been purged and no longer existed. See Bates No. RFC 161637. The following individuals are likely to have discoverable information: ████████████████████████████████████████████████████████████████████.

10. The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ██████████, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. M558552. In connection with this investigation, ████████ was charged with the murder of ██████████ and was convicted. ██████ was shot in liquor store robbery. The case was a "cold case" for three years, until the defendant supposedly admitted his participation in the crime. The investigative file contains a handwritten note instructing someone to bring a blue

9

knit hat for the lineup See Bates No. RFC 10701. The offender had worn a similar hat, and Mr. ▮▮▮▮ reports that he was made to wear this hat at the lineup, years after the crime. The investigative file also reveals an undisclosed alternate suspect, ▮▮▮▮▮▮▮▮. See Bates No. RFC 10663-64. Additionally, the investigative file reveals that the detectives pulled defendant's other arrest documents, suggesting detectives worked backwards. See Bates No. RFC 10682, 10710-11. The following individuals are likely to have discoverable information: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

  11. The individuals listed in this paragraph have knowledge of the police investigation and criminal prosecution arising from the homicide of ▮▮▮▮▮▮▮▮, including but not limited to whether investigative materials generated during that investigation were turned over to the criminal defendant(s) charged in connection with the homicide. The Chicago Police Department assigned this homicide investigation RD No. N592324. In connection with this investigation, ▮▮▮▮▮▮ ▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ were charged and convicted of the murder of ▮▮▮▮▮▮▮▮. ▮▮▮▮ was allegedly a co-offender who was shot during a jewelry store robbery. Information in the investigative file, but not in the permanent retention file, included supplementary reports detailing: the eyewitnesses identities and interview notes; the evidence, arrest, recovery of property, motives, and car used during the offense; the defendants' statements; witness descriptions of the offenders; the location of the offense; the motive; an account of the crime; property and evidence

taken, canvas results; a description of the handgun used in the offense and found on the scene; notes about eyewitness interviews detailing descriptions of the offenders; a report of the arrest; description of witness identifications and a report of the lineup; a report of the recovery of the stolen property; and details about the course of the investigation. See Bates No. RFC 13676-81,13685-96, 13727-40. The following individuals are likely to have discoverable information: ██████████ ██████████████████; ████████████████████████████ ████████████████████.

These disclosures are intended to supplement Plaintiff's prior disclosures. In addition, Plaintiff reserves the right to supplement these disclosures as additional information comes to light.

                                         **RESPECTFULLY SUBMITTED,**

                                         /s/ Anand Swaminathan
                                         *Counsel for Jacques Rivera*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Sheila Bedi |
| Michael Kanovitz | David Shapiro |
| Russell Ainsworth | Alexa Van Brunt |
| Elizabeth Mazur | RODERICK MACARTHUR JUSTICE CENTER |
| Anand Swaminathan | Northwestern University School of Law |
| Steve Art | 375 E. Chicago Avenue |
| LOEVY & LOEVY | Chicago, Illinois 60611 |
| 312 N. May St., Ste. 100 | (312) 503-0844 |
| Chicago, IL 60607 | |
| (312) 243-5900 | J. Samuel Tenenbaum |
| | BLUHM LEGAL CLINIC |
| | Northwestern University School of Law |
| | 375 E. Chicago Avenue |
| | Chicago, Illinois 60611 |
| | (312) 503-8576 |

11

**CERTIFICATE OF SERVICE**

      I, Anand Swaminathan, an attorney, hereby certify that on October 23, 2015, I filed the foregoing Plaintiff's Second Supplemental Rule 26(a)(1) Disclosures using the Court's CM/ECF system, which effected service on all counsel of record listed below.

                                /s/ Anand Swaminathan
                                *Counsel for Jacques Rivera*

*Attorneys for the Individual Defendants*
James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
Caroline P. Golden
The Sotos Law Firm
550 E. Devon Ave., Suite 150
Itasca, Illinois 60143

*Attorneys for Defendant City of Chicago*
Eileen E. Rosen
John J. Rock
Stacy A. Benjamin
Catherine Barber
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 494-1000