# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 CV 004428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Honorable Joan B. Gottschall |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN *LIMINE* NO. 4 TO BAR WITNESSES WHO WERE NOT DISCLOSED OR IMPROPERLY DISCLOSED PURSUANT TO RULE 26(a) OR WERE WITHDRAWN

Defendants Reynaldo Guevara, Steve Gawrys, Daniel Noon, Joseph Fallon, Joseph Sparks, Paul Zacharias, John Guzman, Gillian McLaughlin, the Estate of John Leonard, Edward Mingey, Russell Weingart and Rocco Rinaldi ("Defendant Officers"), by their respective attorneys, move this Honorable Court to bar undisclosed witnesses (John DeLeon and Elizabeth Ekl); improperly disclosed witness (Jose Rodriguez) and withdrawn witnesses (Evelyn Diaz) pursuant to Federal Rules of Civil Procedure 26(a) and 37(c).

1. No party has disclosed the following witnesses pursuant to Rule 26(a):

    a. John DeLeon, or

    b. Elizabeth Ekl.

2. Jose Rodriguez was disclosed but no contact information for him was ever disclosed.[1]

3. Plaintiff disclosed Evelyn Diaz, pursuant to Rule 26(a) as potential Rule 404(b) witnesses. However she was effectively withdrawn by Plaintiff.

---

[1] Despite the Parties' efforts, Jose Rodriguez was never located.

1

4. None of the above witnesses have been deposed in this case.

5. Plaintiff has disclosed these witnesses on his "may call" trial witness list.

**Violation of Rule 26(a)**

6. Rule 26(a)(1) requires that parties disclose the name, contact information, and subjects of discoverable information that a party may use to support its case at trial. FED. R. CIV. PRO., 26; *Gonzalez v. Olson*, 2015 WL 3671641, at *8 (N.D. Ill. June 12, 2015). Rule 26(e) requires a party to supplement its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...." FED. R. CIV. PRO. 26(e).

7. Rule 37(c) provides that if a party fails to identify a witness as required by Rule 26(a) or (e), the party cannot call that witness at trial unless the failure to disclose was harmless or substantially justified. FED. R. CIV. PRO., 37; *Gonzalez v. Olson*, 2015 WL 3671641, at *8 (N.D. Ill. June 12, 2015)(citing *Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999); *see also David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003) (stating that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless").

8. The failure to disclose these witnesses was not a harmless error or substantially justified because the defendants were precluded from deposing them by not knowing that they were potential witnesses. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 669-670 (7th Cir. 2012). The disclosure rules are designed to avoid indirection or gamesmanship in preparing for trial by requiring all potential trial witnesses be disclosed. *Id*.

9. In addition to the non-disclosure of DeLeon and Ekl, Plaintiff's disclosure of Jose Rodriguez was insufficient because it failed to provide any contact information and has never been supplemented. The failure to disclose any contact information for Jose Rodriguez violates Rule 26(a) especially if Plaintiff intends to call him at trial, because that would necessarily suggest that Plaintiff has contact information that has never been made known to Defendants in violation of Rules 26(a) and 26(e).

10. Accordingly, Federal Rule of Civil Procedure 37(c) provides that Plaintiff cannot call John DeLeon Elizabeth Ekl or Jose Rodriguez and their testimony should be barred.

**Other Bases to Bar Witness Elizabeth Ekl**

11. Elizabeth Ekl is an attorney who represented the Defendant Officers in this case from September 4, 2012 (Dkt. # 24) until February 1, 2018 (Dkt. # 350). Accordingly, there is no good faith basis to list her as a trial witness because her only knowledge of the case was gained through her representation of the Defendant Officers and is protected by the attorney-client and/or work product privileges.

12. Plaintiff's only possible argument for disclosing Ms. Ekl as a trial witness is to attempt to have her testify about document production during early discovery in this case. Ms. Ekl had received documents from the Police Department's Office of Legal Affairs that had been collected by OLA from several different divisions of the Police Department; mistakenly, Ms. Ekl produced all those documents together and referred to them collectively as an "area file," inadvertently suggesting they all had been kept by the Police Department together in a single file when in fact they had not. Ms Ekl subsequently cleared up the confusion via correspondence to Plaintiff's counsel in May 2014, specifically answering his questions about how the mistake had

occurred and explaining the sources of each set of separate documents that had been produced together. See May 14, 2014 Ekl Correspondence, Ex. A. Subsequently, Plaintiff's counsel made no attempt to question or challenge Ms. Ekl's innocent explanation, and did not follow through on his threats to depose her.   Thus Plaintiff's only potential argument for listing Ms. Ekl as a witness is without evidentiary merit and instead appears to be a bad faith attempt to harass Ms. Ekl, Defendant Officers, and their counsel.

13. Accordingly, Elizabeth Ekl should be barred as a witness for reasons in addition to Plaintiff's violation of Rule 26(a).

**Plaintiff's Withdrawal of 404(b) Witnesses**

14. Plaintiff's 404b witness Evelyn Diaz was effectively withdrawn based on Plaintiff's actions and omissions.

15. The Court ordered Plaintiff to identify no more than ten 404(b) witnesses he intended to call at trial. Dkt. #76. Plaintiff complied and sent Defendants a letter containing his ten 404(b) trial witnesses, but Evelyn Diaz was not on that list. Plaintiff 1.30.14 letter. Ex. B. Thus Ms. Diaz was effectively withdrawn as a trial witness.

16. Allowing Ms. Diaz to testify is prejudicial to Defendant Officers. Defendant Officers' counsel reasonably relied on the representations made to them by Plaintiff's counsel regarding this Rule 404(b) witnesses and accordingly made no discovery efforts regarding her.

17. Prior to filing this motion and in compliance with the Court's standing orders on Motions *in limine*, counsel for Defendant Officers conferred with counsel for Plaintiff on May 14, 2018. In that discussion counsel for Plaintiff did not agree to this motion *in limine*.

WHEREFORE, Defendant Officers request that the Court enter an Order *in limine* to bar John DeLeon, Elizabeth Ekl, Evelyn Diaz, and Jose Rodriguez, from testifying at trial.

Dated: May 14, 2018

Respectfully submitted,

/s/Thomas M. Leinenweber
THOMAS M. LEINENWEBER
*One of the Attorneys for Reynaldo Guevara*

/s/ Jeffrey N. Given
JEFFREY N. GIVEN
*One of the Attorneys for Individual Defendants*

Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel:(312)663-3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

James G. Sotos
Jeffrey N. Given
Caroline P. Golden
Jeffrey R. Kivetz
Joseph M. Polick
David A. Brueggen
The Sotos Law Firm, P.C.
550 E. Devon Avenue, Suite 150
Itasca, IL 60143
Tel: (630)735-3300
jgiven@jsotoslaw.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on May 14, 2018, I electronically filed the foregoing City **Defendants' Motion in *Limine* No. 4 to Bar Witnesses Who Were Not Disclosed or Improperly Disclosed Pursuant to Rule 26(a) or Were Withdrawn** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants below.

| **Attorneys for Plaintiff** | **Attorneys for City of Chicago** |
|---|---|
| Arthur R. Loevy | Eileen E. Rosen |
| Jonathan I. Loevy | Stacy A. Benjamin |
| Elizabeth N. Mazur | Catherine M. Barber |
| Russel Ainsworth | Theresa B. Carney |
| Michael I. Kanovitz | Rock Fusco & Connelly, LLC |
| Steven E. Art | 321 N. Clark Street, Suite 2200 |
| Anad Swaminathan | Chicago, IL 60654 |
| Rachel Brady | (312)494-1000 |
| Sean C. Starr | (312)494-1001(Fax) |
| 311 N. Aberdeen | erosen@rfclaw.com |
| Chicago, IL 60607 | sbenjamin@rfclaw.com |
| (312)243-5900 | cbarber@rfclaw.com |
| (312)243-5902(Fax) | tcarney@rfclaw.com |
| loevylaw@loevy.com | |
| jon@loevy.com | |
| Elizabethm@loevy.com | **Attorneys for Reynaldo Guevara** |
| russell@loevy.com | Thomas M. Leinenweber |
| mike@loevy.com | James V. Daffada |
| steve@loevy.com | Kevin E. Zibolski |
| annad@loevy.com | Leinenweber Baroni & Daffada, LLC |
| Brady@loevy.com | 120 N. LaSalle Street, Suite 200 |
| sean@loevy.com | (312)663-3003 |
| | thomas@ilesq.com |
| J. Samuel Tenenbaum | jim@ilesq.com |
| Bluhm Legal Clinic | kevin@ilesq.com |
| 375 East Chicago Avenue | |
| Bluhm Legal Clinic | |
| 375 East Chicago Avenue | |
| Chicago, IL 60611 | |
| (312)503-4808 | |
| s-tenenbaul@law.northwestern.edu | |
| | |
| Locke E. Bowman, III | |
| Alexa Van Brunt | |
| Roderick MacArthur Justice Center | |
| Northwestern University School of Law | |
| 375 East Chicago Aveneu | |
| Chicago, IL 60611 | |
| (312)503-0844 | |
| (312)503-1272 (fax) | |
| l-bowman@law.northwestern.edu | |
| a-vanbrunt@law.northwestern.edu | /s/ Jeffrey N. Given |
| | JEFFREY N. GIVEN, Attorney No. 6184989 |
| | *One of the Attorneys for Individual Defendant* |