**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUES RIVERA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>REYNALDO GUEVARA, *et al.*, )<br>    Defendants. ) | | No. 12 CV 04428<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Mary M. Rowland |

### <u>DEFENDANT OFFICERS' MOTION FOR RECONSIDERATION</u>

Defendants Daniel Noon, Joseph Fallon, John Guzman, Russell Weingart and Rocco Rinaldi (collectively, the "five Defendants"), by and through their attorneys, pursuant to Fed. R. Civ. P. 59(e), respectfully move for reconsideration of this Court's May 17, 2018 Order (Dkt. 436) because of manifest error of law and fact, and in support state:

### BACKGROUND

1. On May 11, 2018, this Court issued its Memorandum Opinion & Order ("Opinion"), granting in part Defendants' summary judgment motion (Dkt. 373). In that Opinion, the Court granted summary judgment in favor of the five Defendants on Plaintiff's § 1983 claims for fabrication and *Brady*. Dkt. 373 at p. 96.

2. Specifically, with respect to the supervisor Defendants, the Court found that Weingart and Rinaldi's mere approval of their subordinates' reports was insufficient under the law to provide a basis for civil liability in the absence of any evidence from which it could be inferred that they *knew of* or participated in any misconduct allegedly committed by other Defendants. *Id.* at 60-63 (emphasis added). Similarly, this Court concluded that with respect to three of the Gang Crimes Specialists, Defendants Fallon, Guzman, and Noon, their mere "presence …. on

lists of additional arresting officers in police reports does not, without more, create a fact issue on their personal involvement." *Id.* at 63-64.

3. On May 15, 2018, the five Defendants filed a Motion for Clarification on the scope of the Court's Order with respect to the five Defendants.

4. On May 17, 2018, this Court issued an Order reiterating its earlier finding that the five Defendants lacked sufficient personal involvement to be held liable under § 1983 for participating directly in the alleged substantive constitutional violations. Dkt. 436. Conversely, the Order also stated that the five Defendants were still are part of the pending action because they could be held liable "for another defendant's acts taken in the scope of and in furtherance of the conspiracy or failing to intervene" (*Id.* at p. 4) and because Defendants abandoned any argument in support of summary judgment on the failure to intervene and conspiracy claims. *Id.* at 2.

## LEGAL STANDARD

5. A rule 59(e) motion will be successful only where the movant clearly establishes that the court committed a manifest error of law or fact. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F. 3d 939, 954 (7th Cir. 2013).

## ARGUMENT

6. This Court's May 17 ruling is premised on a misapprehension of facts and law, and hence makes a manifest error of fact and law. The Court's finding that the five Defendants could be held liable "for another defendant's acts taken in the scope of and in furtherance of the conspiracy or failing to intervene" cannot be reconciled with its May 11 Opinion that found the five Defendants lacked the requisite personal involvement in the Valentin investigation to be liable under § 1983. Similarly, the Court's finding that the five Defendants abandoned the

2

contention that their lack of involvement defense applied to the conspiracy and failure to intervene claims as well as to the *Brady* and fabrication claims (Dkt. 436 at p. 2) is manifestly incorrect and inconsistent with the Court's own decision on summary judgment.

      7. Initially, there was no abandonment. The five Defendants' lack of involvement defense was not directed to any particular claim or claims, but rather, was directed across the board to any claim for any form of civil liability based on the absence of any evidence that they either participated in or had any knowledge of any other Defendant's alleged misconduct. Dkt. 304 at pp. 19-21; Dkt.333 at pp. 24-26. In response, Plaintiff did not even argue that the five Defendants' lack of involvement defense applied only to some claims but not others. Dkt. 314-1 at pp. 38-51. And, in finding that Defendants abandoned certain arguments on Plaintiff's conspiracy and failure to intervene claims, this Court's initial ruling on summary judgment never suggested that the lack of personal involvement defense only applied to certain claims, and not others. Dkt. 373 at p. 60.

      8. To the contrary, the Court's initial summary judgment ruling predicated its analysis of the five Defendants' lack of involvement defense specifically on the absence of evidence to support liability on the same failure to intervene claim which its most recent ruling revived as to these Defendants. Indeed, likely because Plaintiff did not even attempt to argue that any of the five Defendants did anything directly to Plaintiff, the Court began its analysis by stating:

> "a police officer acting under color of state law can be liable under § 1983 for failing to intervene in a constitutional violation perpetrated by another person when the 'defendant actually had notice, opportunity, and the ability to prevent the other person from inflicting harm, *Sanchez v. City of Chicago*, 700 F.3d 919, 928 (7th Cir. 2012) Failing to intervene in the suppression of evidence can give rise to liability for suppressing evidence in contravention of *Brady*. *See Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988) (finding evidence sufficient to impose liability on supervisors).

Dkt. 373, pp. 60-61

9. It was against that backdrop that the Court determined that there is no evidence that the five Defendants knew of or participated in any of the misconduct allegedly committed by Defendant Guevara and other Defendants whose involvement was deemed sufficient to warrant a trial. Dkt. 373 at p. 60-64. With respect to the three gang crimes detectives, Noon, Guzman, and Fallon, this Court specifically noted that "[u]nchallenged evidence in the record shows that at the time, it was common practice to list every police officer involved in the investigation as an arresting officer to give the widest possible credit-even if the officer rode along on only one night of the investigation. Accordingly, the presence of these officers' names on the lists of additional arresting officers in police reports does not, without more, create a fact issue on their personal involvement." *Id*. at 63.

10. Similarly, with respect to the supervisors, this Court found that "[e]ven in the light most favorable to Rivera, the summary judgment record does not permit the . . . conclusion [that] Rinaldi and Weingart knew about their subordinates' chicanery." Additionally, this Court noted that Plaintiff has not demonstrated that Weingart had "knowledge of specific steps his subordinates took to frame Rivera." *Id*. at 62.

11. Accordingly, the Court's analysis of the lack of involvement defense was based on the absence of any evidence that the five Defendants' *knew* about any misconduct, which is the essential element of both conspiracy and failure to intervene claims which permits the imposition of liability against defendants who do not participate directly in the alleged misconduct.[1] *United States v. Barrios-Ramos,* No. 16-1798, 2018 WL 2095486, at *2 (7th Cir. May 7, 2018) (conspiracy); *Sanchez v. City of Chicago*, 700 F.3d 919, 928 (7th Cir. 2012) (failure to

---

[1] The Court correctly explained that liability for failure to intervene and/or conspiracy "can rest on separate, and less direct, evidence of participation in the alleged constitutional violations" than is required for the substantive claims. Dkt. 436 at p.3. But that expanded potential liability is still essentially premised upon a Defendants' knowledge of their colleague's or subordinate's misconduct, which is precisely what this Court concluded was absent as to the five Defendants.

intervene). As a result, the conspiracy and failure to intervene claims must be dismissed against the five Defendants, because, consistent with this Court's ruling about their lack of personal involvement, there is insufficient evidence that the five Defendants knew about or ever reached an agreement to harm Plaintiff.

## CONCLUSION

12. The five Defendants respectfully submit that this Court made a manifest error of fact and law in its Order on May 17, 2018. The five Defendants' lack of personal involvement in the substantive constitutional violations and lack of knowledge of other Defendants' actions was the specific basis for the Court's initial ruling in their favor on summary judgment and necessitates the dismissal of Plaintiff's failure to intervene and conspiracy claims against those officers.

WHEREFORE, for the foregoing reasons, the five Defendants request this Court grant the motion for reconsideration and dismiss Plaintiff's failure to intervene and conspiracy claims against the five Defendants.

Respectfully Submitted,

/s/ Jeffrey N. Given
JEFFREY N. GIVEN
*One of the Attorneys for Individual Defendants*

James G. Sotos
Jeffrey N. Given
Caroline P. Golden
Joseph M. Polick
David A. Brueggen
The Sotos Law Firm. P.C.
550 E. Devon Avenue, Suite 150
Itasca, IL 60143.
Tel: (630)735-3300
jgiven@jsotoslaw.com

*CERTIFICATE OF SERVICE*

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on May 18, 2018, I electronically filed the foregoing **Defendant Officers' Motion For Reconsideration** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants below.

**Attorneys for Plaintiff**
Arthur R. Loevy
Jonathan I. Loevy
Elizabeth N. Mazur
Russel Ainsworth
Michael I. Kanovitz
Steven E. Art
Anad Swaminathan
Rachel Brady
311 N. Aberdeen
Chicago, IL 60607
(312)243-5900
(312) 243-5902 (Fax)
loevylaw@loevy.com
jon@loevy.com
Elizabethm@loevy.com
russell@loevy.com
mike@loevy.com
steve@loevy.com
annad@loevy.com
Brady@loevy.com

J. Samuel Tenenbaum
Bluhm Legal Clinic
375 East Chicago Avenue
Chicago, IL 60611
(312)503-4808
s-tenenbaul@law.northwestern.edu

Locke E. Bowman, III
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Aveneu
Chicago, IL 60611
(312)503-0844

**Attorneys for City of Chicago**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312)494-1000
(312)494-1001(fax)
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

**Attorneys for Reynaldo Guevara**
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. La Salle Street, Suite 2000
(312)663-3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

(312)503-1272 (fax)
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

        /s/ Jeffrey N. Given
        JEFFREY N. GIVEN, Attorney No. 6184989
        *One of the Attorneys for Individual Defendants*