IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 C 4428 |
| *Plaintiff*, | ) | |
| | ) | Hon. Joan B. Gottschall, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Mary M. Rowland, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |
| | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO BAR WITNESSES**

Plaintiff, JACQUES RIVERA, by his attorneys, respectfully submits this response in opposition to the Officer Defendants' Motion *In Limine* No. 4 to bar witnesses (Doc. No. 398), stating as follows:

**Discussion**

1. Defendants seek to bar Jose Rodriguez, John DeLeon, Elizabeth Ekl, and Evelyn Diaz, arguing that they were not properly disclosed in this case. None of these witnesses should be excluded. Plaintiff discusses each in turn.

2. **Jose Rodriguez** is the alternative perpetrator, who was identified by Felix Valentin, the victim, shortly after the crime and was arrested by Defendants on August 30, 1988. Both sides disclosed him as a witness at the start of this case, along with the address information from police files that was available to the parties. Ex. 1 (Defendants' Joint Initial Rule 26(a)(1) Disclosures) at 2; Ex. 2 (Plaintiff's Rule 26(a)(1) Disclosures) at 6. All parties have known all along that he might be a witness at trial, and all parties shared whatever information they were able to discover about his location during discovery. Defendants admit they spent time in

discovery looking for him. Doc. No. 398 at 1 n.1. On the final pretrial order, Plaintiff again provided his address at 911 Peters Street in Albert Lea, MN, which is the only address information that he possesses. *See* Doc. No. 377 at 74. Suffice it to say that the alternative perpetrator identified by the victim, who was initially pursued by the Defendants but then mysteriously disappeared from the case, is a potentially important witness at trial. There is nothing infirm at all about the disclosure of Rodriguez and there is no basis to exclude him as a witness.

3. The gist of Defendants objection is that they cannot locate Mr. Rodriguez at the addresses known to the parties. Plaintiff does not currently know whether the addresses provided will yield a witness at trial. What Plaintiff does know, however, is that he cannot call a witness that he cannot locate. In the next two weeks, Plaintiff is going to try to locate Rodriguez so he can appear at trial. If Plaintiff obtains more current information about his location, he will promptly supplement his prior disclosures. But there is no reason to bar this witness.

4. **John DeLeon** represented Plaintiff shortly after his arrest and sent a subpoena for investigative files to the Chicago Police Department, in which he asked for all of the police reports in the case. *See* Ex 3 (Subpoena for Records). As the Court is aware, Plaintiff contends that he and his defense attorneys did not receive all of the police reports in response to this subpoena. The reason Plaintiff listed DeLeon as a witness was because he needs to establish the foundation for this subpoena. Because the foundation is not genuinely in dispute, Plaintiff hopes and fully expects the parties will be able to resolve that concern by stipulation, without the need to call this witness, in which case Plaintiff would not call DeLeon to the stand. Plaintiff states the

he will withdraw DeLeon if Defendants agree to stipulate to this straightforward evidentiary point.[1]

5. **Elizabeth Ekl** formerly represented the individual Defendants in this lawsuit. Her testimony relates to the production of the Valentin investigative file in this civil lawsuit, which is an issue because the chain of custody for Valentin investigative files between 1988 and the present day is important to Plaintiff's contention that Defendants suppressed material police reports that they did not turn over to prosecutors or Plaintiff's criminal defense attorneys. The relevant background is as follows:

- Before this lawsuit was filed, in 2011, Detective Wronkowski of the Chicago Police Department was asked to locate Valentin investigative files. *See* Ex. 5 (Wronkowski Dep.) at 59-60, 68-69.
- Though Wronkowski ultimately produced a version of the Valentin investigative file at his deposition, *see* Ex. 6 (Valentin Investigation Street File), he could not say whether the version he produced was the same thing that he had found before the lawsuit was filed, Ex. 5 (Wronkowski Dep.) at 92.
- At the start of discovery in this case, in September 2012, the Defendants jointly disclosed an investigative file pursuant to Rule 26(a)(1) and designated it as the "Chicago Police Department Area File" for the Valentin investigation. Ex. 1 at 5 (Defendants' Joint Rule 26(a)(1) Disclosures) (designating documents stamped CPD 1-53); *see also* Ex. 7, (Plaintiff's Trial Exhibit No. 21).
- Two years later, in the middle of discovery, the Defendants announced for the first time that the documents that they had produced as the Valentin investigative file in this case was not, in fact, the Valentin investigative file. Ex. 8 (City's Response to Plaintiff's Fifth Interrogatories) ¶ (d); Ex. 9 (Individual Defendants' Response to Plaintiff's Fifth Interrogatories).
- Ms. Ekl explained in correspondence that the problem with the production of the homicide file was caused by mistakes on the part of the Defendants' attorneys. Ex. 10 (Correspondence).

Evidence about why the Defendants produced a version of the Valentin investigative file at the start of this litigation and then announced two years later that, after many depositions had been

---

[1] With respect to DeLeon's disclosure, Defendants are correct that he does not appear on any Rule 26(a)(1) disclosure. However, Defendants spoke with him during discovery, and Defendants disclosed a letter from him during discovery disclaiming any memory of the case, *see* Ex. 4 (Letter from De Leon), which is the reason his deposition was not taken.

taken, the file they had produced was not in fact the Valentin investigative file, is relevant and admissible because the parties will dispute at trial what was in the Valentin investigative file and when. Plaintiff listed Ekl as a witness because she is the person who establishes that the file originally produced as the Valentin homicide file in this case was in fact not that file.

Because these facts are genuinely not in dispute, Plaintiff again hopes and fully expects that the parties could resolve the issue by way of a stipulation. Alternatively, perhaps the parties could agree to admit the letters making the representations at issue. In either case, Plaintiff would not need to call Ekl to the stand, which would be Plaintiff's preference. The only reason Ms. Ekl would need to testify is if the Defendants flat out refuse to cooperate with introducing this evidence in any other form.[2]

6. **Evelyn Diaz** was disclosed by Plaintiff in his very first Rule 26(a)(1) Disclosures, on September 18, 2012, as a 404(b) witness with knowledge of Defendant Guevara's nearly identical eyewitness identification misconduct in the case of another criminal defendant, Luis Serrano. Ex. 2 (Plaintiff's Rule 26(a)(1) Disclosures). Defendant Guevara created a police report indicating that she was a witness and identified Serrano, but she testified that the report was totally false, and that she was pressured by Guevara to make an identification but refused to do so. *See* Plaintiff's Response to the Individual Defendants' Motion *In Limine* No. 18.

7. Defendants correctly assert that Judge Rowland ordered Plaintiff during discovery to narrow his list of 404(b) witnesses prepared to testify about Defendants' bad acts to no more than 10 witnesses. *See* Doc. No. 76. In response to that order, Plaintiff identified a list of ten

---

[2] Alternatively, the Defendants could allow Plaintiff to call a record keeper on this brief point. Though Ms. Ekl did not appear on any Rule 26(a)(1) disclosure, Plaintiff all along has put the Defendants on notice that he intends to call record keepers at trial who can testify about the file production in this case. Moreover, the Defendants have been on notice since 2014 that this was an issue for trial, because Plaintiff served interrogatories on the subject. *See* Exs. 8 & 9.

4

404(b) witnesses, and did so on January 30, 2014. Since then, at least one of those ten witnesses has died, and some are unable to come to trial. Plaintiff has therefore added Evelyn Diaz to her 404(b) witness list for trial. Even including her, that leaves just seven possible 404(b) witnesses on Plaintiff's list, out of a possible ten, after Plaintiff's narrowing. *See* Doc. No. 377, listing Sam Perez, Wilfred Rosario, Robert Ruiz, Sal Ortiz, Evelyn Diaz, Robert Machine, (pg. 75) and William Dorsch (pg. 73).

8. As set out in Plaintiff's motion regarding 404(b) evidence, Plaintiff intends to call a limited number of these witnesses at trial. There is no prejudice to Defendants from Plaintiff's inclusion of Evelyn Diaz on his witness list. Evelyn Diaz is well known to the parties in this case, as she was deposed in the previous case involving Defendant Guevara to go to trial, *Juan Johnson v. Guevara, City of Chicago, et al.*, No 5 C 1042 (N.D. Ill.). Indeed her deposition was taken in that case by the Sotos Law Firm, counsel for almost all of the Defendants in this case (and Defendant Guevara's counsel at the time). And in the case of other 404(b) witnesses who were deposed in the *Johnson* case, the parties in this case have agreed to rely on their earlier depositions rather than depose them again. Simply put, there is no prejudice to Defendants in allowing Plaintiff to call Evelyn Diaz as one of his limited 404(b) witnesses. She was disclosed and Defendants are well aware what her testimony will entail.

9. In sum, Plaintiff has properly disclosed and should be allowed to call Jose Rodriguez, Evelyn Diaz, John DeLeon, and Elizabeth Ekl at trial. The latter two will not need to be called if Defendants enter the stipulations outlined above.

Respectfully Submitted,

**JACQUES RIVERA**

By: /s/ Jon Loevy
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Anand Swaminathan
Steven Art
Rachel Brady
Sean Starr
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900

Locke E. Bowman
David Shapiro
Alexa Van Brunt
RODERICK MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-0844

J. Samuel Tenenbaum
BLUHM LEGAL CLINIC
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-8576

# **CERTIFICATE OF SERVICE**

I, Jon Loevy, an attorney, hereby certify that on May 21, 2018, I filed the foregoing Response to Defendants' Motion *In Limine* via the Court's CM/ECF system and thereby served a copy on all counsel of record.

/s/ Jon Loevy
*One of Plaintiff's Attorneys*