IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 CV 004428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Honorable Joan B. Gottschall |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GUEVARA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO GUEVARA'S MOTION *IN LIMINE* NO. 19 TO BAR AND/OR LIMIT EVIDENCE OF GUEVARA'S INVOCATION OF FIFTH AMENDMENT RIGHTS**

Defendant Reynaldo Guevara ("Guevara"), by his attorneys, Leinenweber, Baroni & Daffada, LLC, replies to Plaintiff's response in opposition to Guevara's Motion *In Limine* No. 19 (Doc. 471), and states:

Plaintiff acknowledges Guevara's constitutional right to invoke his Fifth Amendment privilege, but contends Guevara gained some tremendous advantage in doing so. Any perceived advantage is far outweighed by Plaintiff capitalizing on Guevara's invocation of his Fifth Amendment privilege. The Court should carefully balance Guevara's interest to not have an excessively costly consequence of asserting his constitutional rights and Plaintiff's entitlement to fairness.

It is no secret that Plaintiff wishes to call Guevara to the witness stand to ask him a series of questions to create an illusion of improper conduct knowing full well that the questions will not be answered. Without constraint by the Court there are no bounds to the possibility of unfair prejudice to Guevara and his co-Defendants.

**I. An Adverse Inference Is Entirely Permissive And The Court Has Discretion To Control The Manner In Which Fifth Amendment Invocations Are Presented To The Jury.**

Plaintiff's notion that he has an absolute right to call Guevara to the stand as a live witness for the purpose of having the jury hear him invoke his Fifth Amendment right (rather than simply being instructed via stipulation or jury instruction of this fact) is legally baseless. *See* Pl.'s Resp. at 3, 5. There is no such right. The Seventh Circuit has expressly held that a civil rights plaintiff has no absolute right to call a defendant to the stand solely to invoke his Fifth Amendment privilege, and any adverse inference arising from the invocation of Fifth Amendment is entirely "permissive." *Evans v. City of Chicago*, 513 F.3d 735, 740-1 (7th Cir. 2008).

Plaintiff also suggests that Guevara's reason for taking the Fifth is "neither here nor there" and asserting some reason for taking the Fifth other than the tendency to incriminate himself is invalid. *See* Pl.'s Resp. at 2-3. Court's in this district have held otherwise.

Most recently, in *Ruiz-Cortez v. Lewellen*, a Chicago Police Officer was found not liable for violating the plaintiff's constitutional rights based on allegations that the defendant fabricated evidence in relation to a drug conviction that sent the plaintiff to prison for eleven years. No. 11 C 1420, 2017 WL 2080300, at *1 (N.D. Ill. May 15, 2017). At the trial, the defendant officer was called to testify and he invoked his Fifth Amendment right to not answer a series of questions. *Id.* at *10-11.

In answering one of the questions, the defendant said, "Mr. Smith, as I'm – as I'm currently in the process of challenging my federal case, I have been advised by my criminal lawyers to decline to answer any questions under my Fifth Amendment. Mr. Smith, I would love to testify in this—" at which point he was interrupted by the plaintiff's objection and did not

continue. *Id.* at *12. After the trial, the plaintiff filed a motion for a new trial and argued that these statements allowed the defendant to "look into the camera like a boy scout and lament that a mere technicality foreclosed him from speaking." *Id.* The court disagreed:

> It is the case that '[t]o be privileged by the Fifth Amendment to refuse to answer a question, the answer one would give if one did answer it (and answer it truthfully) must have some tendency to subject the person being asked the question to criminal liability…' However, this principle cannot be taken to imply that any other reason for taking the Fifth besides risk of criminal liability is illegitimate and therefore cannot be articulated to a jury. If that were the case, there would be no basis for a jury ever to decline making a negative inference from a witness's invocation. But, as we know, such a negative inference is permissive, not required…In particular, a witness out to be able to reveal a pending appeal since reticence to speak in the face of ongoing litigation is something a reasonable jury can balance against the tendency to incriminate oneself.

*Id.*

Notably, the court had ruled prior to trial that the defendant and his attorney would be permitted to "explain to the jury [the defendant's] other reasons for remaining silent." *See* attached Order at 4-5; (Ex. A).

**II. Limiting and Constraining Guevara's Examination is Warranted.**

Courts must be cautious to "carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994). Carefully constraining Guevara's testimony balances the interests of the parties in that Plaintiff is allowed to call him to the stand to invoke the Fifth Amendment, but the testimony is limited in order to avoid unfair prejudice to Guevara and the co-defendants.

Under similar circumstances to this case, in *Ruiz-Cortez v. Lewellen*, Judge Leinenweber allowed the plaintiff to call the defendant to the stand, but to limit the risk of undue prejudice, he restricted plaintiff's examination to "no more than the questions needed to establish the subject matter of the testimony." Recognizing the significance of the prejudicial impact to defendant of plaintiff testing the bounds of his order, Judge Leinenweber conditioned the adverse inference on plaintiff's questions not exceeding the scope of the relevant issues at trial. *See* attached Order at 4-5; (Ex. A). This Court should do likewise.

Plaintiff relies on *In Re High Fructose Syrup Antitrust Litig.*, 295 F.3d 651, 663 (7th Cir.) for his proposition that the *only* condition for invoking the Fifth Amendment is when "the answer one would give if one did answer it, and answer it truthfully, must have some tendency to subject the person being asked the question to criminal liability." Pl.'s Resp. at 2-3. In *Ruiz-Cortez v. Lewellen*, Judge Leinenweber rejected that argument and explained that he did not read *High Fructose* to mean that potential liability is the only reason a defendant may have to invoke the Fifth. The court allowed the defendant and his attorney to explain to the jury his other reasons for remaining silent. *See* attached Order at 4-5; (Ex. A).

Plaintiff's suggestion that Guevara should not be permitted to offer any explanation for his invocation is also legally baseless. In fact, Plaintiff's contention is the exact opposite of the law. *See Evans*, 513 F.3d at 740 (permitting defendant officers who had invoked Fifth Amendment rights during deposition when under investigation to withdraw such invocation after final termination of the investigation); *Genova v. Kellogg*, No. 12 C 3105, 2015 WL 3930351, at *5 (N.D. Ill. June 25, 2015) (refusing to apply an adverse inference because of defendant's "valid reason for invoking his Fifth Amendment rights (the criminal investigation surrounding the [subject of his testimony]"); *see also Martinez v. City of Fresno*, Nos. 06 CV 00233, 06 CV

01851, 2010 WL 761109, at *3 (E.D. Cal. March 3, 2010) (no adverse inference from invocation of Fifth Amendment during pendency of criminal proceedings against defendant officer); *Padilla v. City of Chicago*, 932 F. Supp. 2d 907, 918-919 (N.D. Ill. 2013) ("Hence a defendant seeking to avoid the weight of a negative inference must advance something explaining a reason for his or her Fifth Amendment invocation other than guilty conduct associated with the civil action.").

Along these lines, Plaintiff's assertion that live testimony is required so "[t]he jury . . . will be able to evaluate [Guevara's] demeanor when answering questions, which is part of what trials are about" is hollow and factually baseless. *See* Pl.'s Resp. at 4. Plaintiff knows that Guevara will be providing no substantive testimony whatsoever. There is absolutely no need to observe the witness at all because, in effect, he will not be testifying and will be considered an "unavailable" witness under the Federal Rules of Evidence. *See Thompson v. City of Chicago*, 722 F.3d at 975 n.4. The sole purpose for calling him as a witness is to attempt to maximize the effect of his invocation, parade him in front of the jury and seek to have the jury place undue significance on his invocation. This is exactly the type of thing that the Courts have said should not be permitted and provides a further reason to constrain Guevara's examination.

Plaintiff argues that the rules of evidence prevent his counsel from asking questions that have no evidentiary foundation and that those principles prevent questions that have no basis in the record. Plaintiff simply asserts that standard rules of trial should apply and defendants can object to any questions that may have no evidentiary foundation.

However, here, Plaintiff's counsel has advance knowledge that any substantive questions presented to Guevara will not be answered; thus, it cannot be disputed that any probative value will be derived entirely from the questions put by counsel. Plaintiff suggests that the jury will be able to evaluate Guevara's demeanor, "which is a big part of what trials are about." There is no

way, under the circumstances, that standard trial rules should apply, because they would unfairly prejudice Guevara. Even if Defendants object to an improper question by Plaintiff's counsel, and the Court sustains the objection, the question and implications thereof have already been heard by the jury. As is said, you cannot un-ring a bell.

Jurors will inevitably give evidentiary weight to questions that may not have been proper and that are misleading and prejudicial. Without the Court's constraint or admonishment, Plaintiff's counsel is free, knowing that the privilege will be invoked, to pose those improper questions safe from any contradiction no matter what the actual facts are and over Defendants' objections. Plaintiff suggests that Guevara simply trust that all his questions will have a basis in the record.

As noted in Guevara's Motion *In Limine*, during the deposition of Guevara, questions were asked of Guevara regarding his alleged conduct (and knowledge of the alleged conduct of others) for which Plaintiff has never produced any actual evidence in this case. Therefore, it is reasonable to expect this could continue to be the case. Consistent with the analysis above, Plaintiff's counsel should be required to submit, in writing, the exact questions that they propose asking Guevara so that this Court and Guevara's counsel can consider the propriety of such questions and evaluate the independent evidentiary bases for such questions prior to such questions being stated before the jury. This process would avoid the likelihood of the jury hearing highly improper and highly prejudicial questions (that cannot be taken back) when the Court sustains an objection and also save trial time on extended argument on evidentiary and foundation issues during Guevara's examination.

Plaintiff argues that if Guevara agreed to submit his questions of Mr. Rivera in advance of trial for Plaintiff's review and objections, that this might be a fairer proposal. This

comparison is fundamentally different. Plaintiff is missing the point as he can testify without possibly incriminating himself. Plaintiff further expresses concern over revealing his exam and spelling out his chain of inferences and theory of the case. These concerns are a pretext. The inferences and Plaintiff's theory of the case are not a secret. Moreover, this can easily be addressed by submitting his questions in advance to the Court to determine propriety and scope of the examination of Guevara, without Guevara's counsel's review.

The Court's constraint is necessary to avoid Plaintiff's counsel from asking questions of Guevara, proper or improper, that create false impressions that a fact exists when it does not. Again, a review of Guevara's deposition reveals that Plaintiff's intended questions put greater emphasis on the questions than the answer and repeatedly delve into areas on which Plaintiff has absolutely no supporting evidence whatsoever. This is not only highly prejudicial, it is also legally inappropriate insofar as a party's invocation cannot be the sole substantiation on any evidentiary issue at trial. *See Baxter v. Palmigiano,* 425 U.S. 308, 313 *(*adverse inference permissible only if other supporting evidence admitted*); Lefkowitz v. Turley,* 414 U.S. 70, 77(1973); *Garrity v. New Jersey,* 385 U.S. 493 (1967); *LaSalle Bank Lakeview v. Seguban,* 54 F.3d 387 (7th Cir. 1995).

Allowing adverse inferences from potential improper questions furthers the likelihood that a jury would consider any potential improper questions evidence despite Defendant's objections.

WHEREFORE, for the reasons set forth above, Defendant Guevara respectfully requests the Court enter and Order *In Limine* that:

> (1) constrains Guevara's examination to no more than the questions needed to establish the subject matter of the testimony and prevent questions that have no basis in the record;

7

(2) conditions an adverse inference on Plaintiff not asking Guevara questions outside of the scope of the relevant issues as established by the Court; and

(3) allowing Guevara's attorney to explain to the jury his reasons for taking the Fifth.

DATED: May 23, 2018.                                  Respectfully submitted,

                                                        Defendant Reynaldo Guevara

BY:   /s/ Thomas More Leinenweber
           Thomas More Leinenweber

           Thomas M. Leinenweber
           James V. Daffada
           Kevin E. Zibolski
           Leinenweber Baroni & Daffada LLC
           120 N. LaSalle St., Ste. 2000
           Chicago, Illinois 60602
           (866) 786-3705

## **CERTIFICATE OF SERVICE**

       I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on May 23, 2018, I electronically filed the foregoing **Officer Defendants' Reply Brief in Support of Their Motion in Limine No. 9 To Bar Reference to Felix Valentin's Medical Condition On September 10, 1988** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants below.

**Attorneys for Plaintiff**
Arthur R. Loevy
Jonathan I. Loevy
Elizabeth N. Mazur
Russel Ainsworth
Michael I. Kanovitz
Steven E. Art
Anad Swaminathan
Rachel Brady
Sean C. Starr
311 N. Aberdeen
Chicago, IL 60607
(312)243-5900
(312)243-5902(Fax)
loevylaw@loevy.com
jon@loevy.com
Elizabethm@loevy.com
russell@loevy.com
mike@loevy.com
steve@loevy.com
annad@loevy.com
Brady@loevy.com
sean@loevy.com

J. Samuel Tenenbaum
Bluhm Legal Clinic
375 East Chicago Avenue
Bluhm Legal Clinic
375 East Chicago Avenue
Chicago, IL 60611
(312)503-4808
s-tenenbaul@law.northwestern.edu

Locke E. Bowman, III
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312)503-0844
(312)503-1272 (fax)
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

**Attorneys for City of Chicago**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312)494-1000
(312)494-1001(Fax)
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

**Attorneys for Reynaldo Guevara**
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 200
(312)663-3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

                                         /s/Jeffrey N. Given
                                         JEFFREY N. GIVEN, Attorney No. 6184989
                                         *One of the Attorneys for Individual Defendants*