UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-04428 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| REYNALDO GUEVARA et al., ) | |
| ) | |
| Defendants. ) | |

**RULING ON OFFICER DEFENDANTS' MOTIONS IN LIMINE NO. 9 TO BAR DR. SHARKEY, THE COOK COUNTY HOSPITAL RECORDS, AND ANY REFERENCE TO FELIX VALENTIN'S MEDICAL TREATMENT AND CONDITION ON SEPTEMBER 10, 1988 AND NO. 11 TO BAR REFERENCE TO THE SEPTEMBER 16, 1988 SUPPLEMENTARY REPORT BY DEFENDANTS GUEVARA AND GAWRYS**

Felix Valentin ("Valentin") was shot on August 27, 1988. He was taken to a hospital and died over two weeks later on September 15, 1988. A police report dated September 16, 1988, discussed in the summary judgment opinion, ECF No. 373 at 29–30 (citing Pl. Ex. 4 at WRON 9–10), stated that Valentin identified the plaintiff here, Jacques Rivera ("Rivera"), from a photo book on September 10, 1988. But, this court concluded, based on other evidence in the record, the jury could reasonably find that the September 10 identification must have been fabricated because Valentin was comatose when he supposedly identified Rivera. *Id.* at 30. Even so, the court dismissed Rivera's § 1983 claims for fabricating the September 10 identification on causation grounds. *Id.* at 50. Only one report, the September 16 report, which bears a timestamp about four hours after Rivera's arrest, documented the alleged September 10 Valentin identification. Primarily because the September 16 report was not introduced at trial and the September 10 Valentin identification was not mentioned at trial, the court found that no summary judgment evidence showed that the identification played a part in Rivera's prosecution and

conviction. *See id.* Put another way, Rivera did not point to sufficient evidence to prove that the alleged fabrication of the September 10 identification caused a deprivation of his liberty. *See id.*

In their ninth motion in limine, the police officers named as defendants ("officer defendants") ask the court to exclude argument and evidence from the trial related to the September 10 identification, including the testimony of Dr. Paul Sharkey, who treated Valentin; Valentin's medical records; and all references to Valentin's medical treatment. ECF No. 403 at 1. The officer defendants contend that the partial dismissal of Rivera's due process fabrication claims renders evidence about Valentin's condition and the September 10 identification irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 402, 403.

The officer defendants' eleventh motion in limine works in tandem with their ninth. The officer defendants move to bar the admission of, and references to, the majority of the September 16 report as irrelevant, because it is unduly prejudicial and confusing, and because it contains hearsay. *See* ECF No. 405 at 1; Fed. R. Evid. 401, 402, 403, 801, 805.

Narrowing the issues, the officer defendants agree that a portion of the September 16 report is relevant, the portion listing the date on which Lopez identified Rivera from a photo book as August 29, 1988, rather than two days earlier, as other documents state. *See* ECF No. 405 at 2 n.1. The September 16 report will be at least partially admissible for that purpose.

Rivera counters that the evidence that is the subject of the officer defendants' motions in limine numbers 9 and 11 is relevant to several issues: (i) the existence of probable cause[1] and malice on his malicious prosecution claim under Illinois law; (ii) the officer defendants' state of mind, that is, the arguments advanced at summary judgment that Orlando Lopez, the witness

---

[1] Rivera drops a footnote in his response stating that probable cause is relevant to his Fourth Amendment claim. ECF No. 467 at 4 n.2. The court finds no Fourth Amendment claim in his complaint; none was discussed at summary judgment; and the proposed pretrial order does not mention a Fourth Amendment claim.

who first identified Rivera and recanted many years later, independently decided to implicate Rivera, *see* Fed. R. Evid. 404(b); (iii) whether Rivera was, in fact, innocent (Rivera says that this issue affects his damages) and the reprehensibility of the officer defendants' conduct, an issue relevant to Rivera's claim for punitive damages; (iv) Rivera's intentional infliction of emotional distress claim, specifically whether Guevara engaged in extreme and outrageous conduct; (v) Rivera's § 1983 failure to intervene theory to establish other officers' knowledge of evidence fabrication and a meaningful opportunity to prevent police misconduct; (vi) proving that an overt act was taken in furtherance of the alleged conspiracy; and (vii) telling the complete story of the Valentin investigation, which goes to the defendants' credibility and illuminates the relationships among the alleged co-conspirators.

The court's causation ruling at summary judgment precludes some of these theories. The theories to which evidence of Valentin's medical condition remain relevant generally go to the state of mind of the officer defendants. At a minimum, the alleged fabrication of the September 10 identification may be admissible to show malice on plaintiff's malicious prosecution claim and as Rule 404(b) evidence to rebut the anticipated argument that Lopez acted without the officer defendants' knowledge or influence. Indeed, evidence of fabrication can be strongly probative on this score. *See Avery v. City of Milwaukee*, 847 F.3d 433, 444 (7th Cir. 2017). This evidence also has some probative value to Rivera's compensatory and punitive damages, *see Parish v. City of Elkhart*, 702 F.3d 997, 1003 (7th Cir. 2012); *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 746 (N.D. Ill. 2015); to understanding the conduct of the alleged conspiracy; potentially to witness credibility; and to Rivera's failure to intervene claims under §1983.

Still, those issues, while undeniably important, present a danger of confusion in this complex and factually intricate case with the merits of Rivera's due process claims. The court

3

remains concerned that the jury cannot impose, and should not be confused into imposing, liability based on the September 10 identification's inclusion in the September 16 report. Rivera's defense attorney testified, and the record confirms, that prosecutors turned over the September 16 report before Rivera's 1990 trial.  *See* Dep. of K. Wadas 244:14–46:2, Feb. 5, 2014, ECF No. 313-22; *see also* Slip Op. at 24, ECF No. 373 (confirming September 16 report present in Wadas' file).  Indeed, Rivera states in his briefing that he "is not offering this report to show that it contained information that was not given to Plaintiff's criminal defense team."  Resp. at 6, ECF No. 469.  Instead, he "is offering [the September 16 report] (in part) as probative evidence of Defendants' effort to suppress the true circumstances of the Valentin investigation."  *Id.*

After balancing the danger of undue prejudice and confusion against the probative value of the foregoing evidence, as Rule 403 requires, the Officer Defendants' Motions in Limine No. 9 to Bar Dr. Sharkey, the Cook County Hospital Records, and Any Reference to Felix Valentin's Medial Treatment and Condition on September 10, 1988, ECF No. 403, and No. 11 to Bar Reference to the September 16, 1988 Supplementary Report By Defendants Guevara and Gawrys, ECF No. 405, are granted in part and denied in part.  The court will permit Sharkey to testify, and plaintiff may refer to the September 10 identification and the September 16 report at trial.  Nevertheless, plaintiff must endeavor to redact Valentin's medical records to eliminate all but that which is strictly relevant to his ability to communicate and view a photo lineup on September 10, 1988.  Furthermore, depending on the context in which this evidence is first introduced, the court is inclined to give a limiting instruction if the defense proposes one.  Finally, the court premises this ruling on the understanding that one of the defenses at trial will be that the officer defendants did not know Lopez falsely identified Rivera and did not attempt to

influence improperly the identification, opening the door to Rule 404(b) evidence. If that premise is incorrect, the court may reevaluate these rulings.

Date: May 30, 2018                                /s/
                                                  Joan B. Gottschall
                                                  United States District Judge