UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-04428 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| REYNALDO GUEVARA et al., ) | |
| ) | |
| Defendants. ) | |

**RULING ON OFFICER DEFENDANTS' MOTIONS IN LIMINE NO. 10 TO BAR USE OR REFERENCE TO PLAINTIFF'S CERTIFICATE OF INNOCENCE AND NO. 5 TO BAR JUAN RIVERA FROM TESTIFYING ABOUT HIS OWN REVERSED CONVICTION CASE, SUBSEQUENT CIVIL PROCEEDINGS, OR DAMAGES AND BAR THE VIDEO OF HIS RELEASE FROM PRISON**

**Officer Defendants' Motion in Limine No. 10 to Bar Use or Reference to Plaintiff's Certificate of Innocence**

The motion is denied. Jurors are almost certain to be distracted by questions about why plaintiff was released. Was it a technicality? Where's the DNA? Proof of the Certificate of Innocence ("COI") will eliminate this potential distraction and settle the issue of why he was released. Because it will quickly remove a source of distraction, for that reason alone its probative value vastly outweighs its prejudicial impact. Further, as plaintiff points out, his long incarceration as an innocent person undoubtedly increased his suffering and is therefore probative on the issue of damages. The sources of prejudice defendants cite appear fanciful, but if defendants believe they are not, they can propose an appropriate limiting instruction. *See generally Kluppelberg v. Burge*, 84 F. Supp. 3d 741 (N.D. Ill. 2015).

**Officer Defendants' Motion in Limine No. 5 to Bar Juan Rivera from Testifying About His Own Reversed Conviction Case, Subsequent Civil Proceedings, or Damages and Bar the Video of his Release from Prison**

This motion is granted in part and denied in part. Specifically, Juan Rivera ("Juan") can testify about his observations of plaintiff and the experiences they shared while incarcerated. He may further testify that he was exonerated, for reasons similar to those involved in the ruling on the admissibility of plaintiff's COI, and can testify about what the exoneration felt like. However, testimony about his own experiences, insofar as those experiences do not involve plaintiff, are excluded, as is his own civil suit and the video of his release.

Juan can testify about his enduring relationship with plaintiff, that they live together, and the difficulties of readjusting to society, since all are highly relevant to plaintiff's damages. The court will instruct the jury if requested that Juan has concluded his own civil case, and the court has ruled the details of that case inadmissible; informing the jury of what Juan settled for is likely to prejudice this jury for no good reason.

The videotape evidence is likely to have a significant emotional impact, and any probative value it has is therefore likely to be overwhelmed by its prejudice to defendants. Allowing Juan to testify about how his release felt (as well as what he observed of how plaintiff's release felt to plaintiff) permits the substantive evidence without the emotional wallop of a video involving someone other than plaintiff. The court sees no significant probative value in this video evidence, but its emotional impact, and therefore its prejudicial value, is likely to be great.

***

For the reasons stated, the Officer Defendants' Motion in Limine No. 10 to Bar Use or Reference to Plaintiff's Certificate of Innocence, ECF No. 404, is denied, and the Officer Defendants' Motion in Limine No. 5 to Bar Juan Rivera from Testifying About His Own

Reversed Conviction Case, Subsequent Civil Proceedings, or Damages and Bar the Video of his Release from Prison, ECF No. 399, is granted in part and denied in part.

Date: May 30, 2018 /s/
Joan B. Gottschall
United States District Judge