UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-04428 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| REYNALDO GUEVARA et al., ) | |
| ) | |
| Defendants. ) | |

### RULING ON OFFICER DEFENDANTS' MOTION IN LIMINE NO. 4 TO BAR WITNESSES WHO WERE NOT DISCLOSED OR IMPROPERLY DISCLOSED PURSUANT TO RULE 26(a) OR WERE WITHDRAWN AND PLAINTIFF'S MOTION IN LIMINE NO. 10 TO BAR UNDISCLOSED AND IMPROPERLY DISCLOSED OPINION WITNESSES

Two motions in limine filed in this case ask the court to bar certain witnesses for failure to disclose them pretrial as Federal Rule of Civil Procedure 26(a)(1) requires. Under Rule 26(a)(1), a party must disclose, before trial, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires supplementation of the disclosures if the disclosing party learns that they are "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) spells out the consequences of failing to make the disclosures required by Rule 26(a). A party that fails to disclose "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003). The court considers the following factors when deciding whether

a failure to disclose is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857 (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

### Officer Defendants' Motion in Limine No. 4 to Bar Witnesses Who Were Not Disclosed or Improperly Disclosed Pursuant to Rule 26(a) or Were Withdrawn

The officer defendants identify four allegedly nondisclosed, or improperly disclosed, witnesses in their fourth motion in limine, John DeLeon, Elizabeth Ekl, Jose Rodriguez, and Evelyn Diaz. ECF No. 398 at 1. The court considers them in turn.

The motion to bar DeLeon's testimony is granted. Exclusion for failure to disclose happens automatically unless the nondisclosing party carries its burden to show that the nondisclosure was substantially justified or harmless. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005). Plaintiff concedes that he did not disclose DeLeon, but points out that defendants obtained a letter from him during discovery stating that he had no recollection of his involvement in the investigation of the murder of Felix Valentin, which is the main subject of this litigation. *See* Resp. to Officers' Mot. in Limine No. 4 at 2–3 & n.1 ECF No. 465 (citing Letter, *id.* Ex.4). Based on that letter, plaintiff did not depose DeLeon, *id.* at 3 n.1, but plaintiff now wishes to call him to, as far as the court can tell from plaintiff's response, lay a foundation for a subpoena ostensibly issued by DeLeon on behalf of plaintiff before his criminal trial, *see id.* at 3. Plaintiff does not suggest that DeLeon's memory has improved, however, *see id.*, so the court can see no purpose in calling him regardless of whether he was properly disclosed. And defendants would be prejudiced within the meaning of Rule 37(c)(1) if his memory were to improve at trial, for supplementing plaintiff's

2

pretrial disclosures with DeLeon's name would have alerted defendants that he had relevant evidence. Plaintiff has not carried his burden to show that the failure to disclose DeLeon was harmless or substantially justified.

Diaz presents a slightly different problem. Plaintiff initially disclosed Diaz as a Rule 404(b) witness but withdrew her when the magistrate judge ordered plaintiff to limit himself to ten 404(b) witnesses. *See* ECF No. 76. Plaintiff points to his disclosure of Diaz as a Rule 404(b) witness in another civil case, but he cites no authority for the remarkable proposition that a Rule 26(a)(1) disclosure in one case can be imputed to another. *See* Resp. at 5. Plaintiff says that some of his 404(b) witnesses have since become unavailable, so he seeks to re-add Diaz. *See id.* He does not explain the timeline under which his previously disclosed 404(b) witnesses became unavailable, so the court cannot determine whether Diaz could have been disclosed in time for her deposition to be taken during discovery and for discovery on potential rebuttal evidence. *See id.* Moreover, Diaz's testimony seems particularly unnecessary because plaintiff has committed in his motions in limine to calling no more than three or four rebuttal witnesses. As plaintiff bears the burden to establish that the nondisclosure was harmless or substantially justified, Diaz must be excluded.

Excluding Rodriguez's testimony would be premature, however. The parties agree that Rodriguez was disclosed, but they have been unable to locate him. *See* Officers' Mot. in Limine No. 4 at 1 n.1; Resp. Ex. 1 at 2. The officer defendants do not challenge plaintiff's representation that he has disclosed the last-known address for Rodriguez. Reply 3, ECF No. 492. Rather, they suggest that Rodriguez should be barred from testifying because no party has been able to locate him, and if he is located, allowing him to testify at trial would be unduly prejudicial. Rodriguez's evidence could be quite relevant at trial. Evidence at summary

judgment showed that he was identified as a potential perpetrator of the Valentin murder and arrested on August 30, 1988. *See Rivera v. Guevara*, No. 12-CV-4428, 2018 WL 2183998, at *7, 14 (N.D. Ill. May 11, 2018). Considering the four *David* factors in a vacuum before Rodriguez has been located would be premature and, indeed, an advisory opinion on a set of facts that may never come to be. *See Texas v. United States*, 523 U.S. 296 (1998) (claim unripe when it rests on contingent future events or events that may never occur at all). The court therefore denies the motion in limine as to Rodriguez, as unripe.

That leaves Ekl, an attorney who formerly represented the City in this litigation. Plaintiff seeks to call her to establish a link in the chain of custody for the files of investigative documents produced by the City in this litigation. *See* Resp. 4–5 & n.2. He does not contend that he disclosed her in accordance with Rule 26(a)(1), however, and rather than address whether his nondisclosure is harmless or substantially justified, he simply posits that the records' provenance is disputed and that Ekl has relevant evidence. *See id.* Though the court does not see how the City could be surprised by Ekl's testimony about her role in this litigation, neither plaintiff nor the defense explain how Ekl's testimony will be prejudicial; the purpose and importance of Ekl's testimony remains unclear on the present record. As far as the court can tell, a letter in the record from Ekl provides the explanation of the history of document production plaintiff requires, and defendants' reply also supplies the needed Rule 11 representation: Ekl "simply mixed documents together that she had received from the Police Department, which documents themselves came from different locations within CPD, and mislabeled them as the 'Area File.'" Reply 4. Given defendants' reliance on the letter and its representation, the court has no reason to doubt the letter's admissibility at trial without Ekl's testimony. *See* Fed. R. Evid. 403 (permitting court to limit cumulative testimony).

**Plaintiff's Motion in Limine No. 10 to Bar Undisclosed and Improperly Disclosed Opinion Witnesses**

Plaintiff initially moved to exclude the opinion testimony of three lay witnesses, but he narrowed his objections in his reply to one, Julie Rosner ("Rosner"), the prosecutor who approved charges against plaintiff.[1] *See* Pl.'s Combined Reply to Mots. in Limine 11, ECF No. 506 ("Plaintiff will not object—on grounds of non-disclosure—to any opinions offered by Darren O'Brien or Gillian McLaughlin, so long as those opinions were provided during the witnesses' depositions.").

Any witness offering opinion testimony who does not write a report must be the subject of a proper disclosure under Rule 26(a)(2)(C). The disclosure must set forth "(i) the subject matter on which the witnesses is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Defendants disclosed that Rosner would offer opinions "consistent with her deposition given in this case, including but not limited to the existence of probable cause to charge Plaintiff criminally in 1988." Pl.'s Mot. in Limine No. 10 Ex. 1 ¶ 8, ECF No. 422.

Defendants argue that their disclosures comply with Rule 26(a)(2)(C), but they do not address plaintiff's contention that Rosner's opinion on whether probable cause existed invades the jury's function and opines on an ultimate legal question. *See* Resp. at 1–6 ECF No. 453. Whether probable cause existed for plaintiff's prosecution is an element of his claim for malicious prosecution under Illinois law. *See Colbert v. City of Chicago*, 851 F.3d 649, 654–55 (7th Cir. 2017) (discussing elements of claim for malicious prosecution). As plaintiff points out,

---

[1] Defendants do not object to "a prophylactic ruling that [the parties are] to comply with the established rules of civil procedure," *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 659 (N.D. Ill. 2006) (quotation and citations omitted), requiring the experts to stick to the scope of their disclosures. Resp. to Pl.'s Mot. in Limine No. 10 at 1 n.1, ECF No. 453 (quoting case). This order constitutes such a ruling.

"expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (citing *United States v. Sinclair*, 74 F.3d 753, 757 (7th Cir. 1996)) (affirming exclusion of expert testimony); *accord King v. Kramer*, 763 F.3d 635, 656 (7th Cir. 2014) (quoting *Roundy's Inc. v. N.L.R.B.*, 674 F.3d 638, 648 (7th Cir. 2012)). Rosner may testify about what she saw, heard, and did, and she may testify about her customary practices. She may not, however, offer an opinion on the existence of probable cause.

For the reasons stated, the officer defendants' motion in limine no. 4, ECF No. 398, is granted in part and denied in part as unripe. Plaintiff may not present the testimony of witnesses DeLeon, Diaz, and Ekl. If witness Rodriguez is located, the court will consider whether he will be allowed to testify at trial. Plaintiff's motion in limine no. 10, ECF No. 422, is denied in part as moot and granted in part as to Julie Rosner's opinion that probable cause existed to prosecute plaintiff.

Date: May 31, 2018                                     /s/
                                                       Joan B. Gottschall
                                                       United States District Judge

6