# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 CV 004428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Honorable Joan B. Gottschall |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICERS MCLAUGHLIN AND GAWRYS'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Gillian McLaughlin and Steve Gawrys ("Movants"), by their attorneys, move this Honorable Court for the entry of an order pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law and state:

## INTRODUCTION

After the Court ruled on Summary Judgment (Dkt. 373) and clarified that ruling (Dkt. 436), the only remaining claims against the Movants are:

- Count I alleging a violation of Plaintiff's right to a fair trial against McLaughlin and Gawrys based on suppression or fabrication of: Plaintiff's gangbook identification on August 27 or 29, 1988; an alleged line up on August 31, 1988; and an alleged recant by eyewitness Orlando Lopez on September 15, 1988;

- Count II alleging a federal claim for conspiracy against McLaughlin and Gawrys;

- Count III alleging a claim for failure to intervene against McLaughlin and Gawrys;

- Count VI alleging a state law conspiracy claim against McLaughlin and Gawrys.

Plaintiff has rested his case at trial after having an opportunity to fully be heard on his claims. However, Plaintiff has presented insufficient evidence upon which a jury could find in Plaintiff's favor for the remaining claims against the Movants. Accordingly, the lack of any evidence to

support Plaintiff's remaining claims against them confirms that the Movants are entitled to judgment as a matter of law.

## LAW

A court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a). The standard for granting judgment as a matter of law "mirrors" the standard for granting summary judgment. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). There must be more than a mere scintilla of evidence to support the party's claim. *Anderson*, 477 U.S. at 252; *Filipovich v. K&R Exp. Systems, Inc.*, 391 F.3d 859, 863 (7th Cir. 2004). The Court should determine whether there is sufficient evidence upon which the jury could properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. *Anderson*, 477 U.S. at 252. If the non-movant presents insufficient evidence upon which a reasonable person could properly base a verdict in his favor, judgment as a matter of law for the movant is appropriate. *James v. Milwaukee County*, 956 F.2d 696, 698 (7th Cir. 1992). A directed verdict in favor of a defendant is proper if reasonable people, viewing the facts most favorably to the plaintiff, could not conclude that the plaintiff has made out a prima facie case. *Cannon v. Teamsters & Chauffeurs Union*, 657 F.2d 173, 175-76 (7th Cir. 1981).

## ARGUMENT

**A. There Is No Evidence That McLaughlin Violated Plaintiff's Due Process Rights (Count I)**

The evidence in the trial record is clear that McLaughlin was not involved in the August 27/29, 1988 gang book identification of Plaintiff and that she was not at the police station on September 15, 1988. Plaintiff's own questioning of McLaughlin drives these facts home:

> Q. So, just to summarize, the September 15th lineup at which Jacques was identified, you weren't there, right?
>
> A. Correct.
>
> Q. The August 31st lineup, if it happened -- and I realize you dispute it happened, but if it happened -- you weren't there?
>
> A. There was no lineup on the 31st that I'm aware of.
>
> Q. The gang book identification of José Rios for Jacques Rivera you were not present at?
>
> A. No, I was not.
>
> Q. And you never saw Orlando Lopez identify Jacques Rivera at all, correct?
>
> A. Correct.

Trial Tr. (McLaughlin), at 949:8-19, Ex. B.

There is no witness who places McLaughlin at Lopez's gangbook identification of Plaintiff. The only witnesses who testified about September 15, 1988 confirmed that McLaughlin was not present at the September 15, 1988 line-up (Trial Tr. (Plaintiff), at 416:11-17, Ex. A; Trial Tr. (Gawrys), at 2125:14-2126:4), Ex. D; nor is her name on any documents associated with that lineup or Plaintiff's arrest that day. DX 1.10, 1,18, 1.19, 1.20, and 1.21. Therefore, McLaughlin could not have violated Plaintiff's Due Process rights because she was not personally involved in the gang book identification of Plaintiff or the September 15, 1988 identification of Plaintiff. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997); *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012). McLaughlin's only contact with Lopez was during an interview before he identified Plaintiff. Trial Tr. (McLaughlin), at 700:18-701:5; 793:25-795:5; 813:12-814:12, Ex. B; DX 1.23.

Plaintiff's *Brady* theory for suppressing an alleged August 31, 1988 line-up is equally unsustainable. There is no dispute that Plaintiff was aware that he stood in a lineup[1] (Trial Tr. (Plaintiff), at 202-206, Ex. A) and he informed his criminal defense attorney. Trial Tr. (Plaintiff), at 206:10-20, Ex. A; Trial Tr. (Wadas), at 1420:10-12, Ex. C) His criminal defense attorney even brought this to the Court's attention at the September 16, 1988 bond hearing. Trial Tr. (Wadas), at 1374:12-1375:4, Ex. C. There is no *Brady* violation when a Plaintiff is aware of the alleged suppressed evidence. *See Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003), *overruled in part on other grounds* by *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006); *Mosley v. City of Chicago,* 2009 WL 3097211 at *5 (N.D. Ill., Sept. 22, 2009).

Even if the Court looks beyond Plaintiff's and his attorney's knowledge of the alleged suppressed evidence, the *Brady* claim fails because the evidence was not exculpatory or material. Lopez has definitively testified that he identified Plaintiff in every live line-up he saw:

> Q. And it's true, isn't it, that you picked Jacques Rivera in every live lineup that you saw; correct?
>
> A. Correct.
>
> Q. There's no doubt in your mind; is there?
>
> A No

Lopez Dep., at 178:7-13, Ex E. Lopez has consistently stated that he picked Plaintiff at the alleged August 31, 1988 line-up. Lopez Dep., at 81:24-83:19, Ex E. Thus, any alleged lack of documentation regarding the alleged August 31, 1988 line-up is not exculpatory but rather inculpatory. Plaintiff's speculation otherwise is not sufficient to create an inference that Lopez did not identify him. *Aguilar v. Gaston-Camara*, 861 F.3d 626, 630–31 (7th Cir. 2017). The materiality of the alleged August 31, 1988 line-up is further called into question because Wadas

---

[1] Defendants dispute that Plaintiff stood in a line-up in the Valentin case.

4

possessed all of the information he needed to pursue his client's claim that he was in a line-up and chose not to pursue it beyond the September 16, 1988 bond hearing. Trial Tr. (Wadas), at 1392:24-1393:8; 1420:19-1421:2, Ex. C.

There is no valid claim for fabrication of evidence (accepting Plaintiff's theory there was an August 31, 1988 lineup and the September 1, 1988 Supplementary report was fabricated) because neither the September 1, 1988 report nor any of the information in the report was used at Plaintiff's criminal trial. An officer "who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of his liberty in some way." *Whitlock v. Brueggemann,* 682 F.3d 567, 580 (7th Cir. 2012). Accordingly, Plaintiff cannot prove the allegedly fabricated report caused him any harm so judgment in the McLaughlin's favor is appropriate. *Peretz v. Sims*, 662 F.3d 478, 480 (7th Cir. 2011).

Finally, there is no evidence that McLaughlin had any individual responsibility for the suppression of any documents which did exist, including her GPR's. McLaughlin explained, without contradiction, that she turned her GPR's in after they were completed, in accordance with procedure, and there is not a shred of evidence in the record to suggest otherwise. Trial Tr. (McLaughlin), at 749:24-750:4; 961:4-12. There is no dispute that McLaughlin submitted her GPRs because they were in the investigative file disclosed in this case. DX 1.23, 1.34, 1.36, 1.37. Disclosing the investigative file to the defense was not the responsibility of McLaughlin. Trial Tr. (McLaughlin), at 749:6-11, Ex. B. In addition, Plaintiff's criminal defense attorney admitted he could have subpoenaed the GPRs. Trial Tr. (Wadas), at 1460:21-24, Ex. C. Thus, Plaintiff lacks any causal connection between McLaughlin and whether Plaintiff did not receive the entire file.

### B. There Is No Evidence That Gawrys Violated Plaintiff's Due Process Rights (Count I)

The undisputed evidence is that Gawrys's first involvement in the investigation was on or around September 10, 1988 when he spoke to the victim at the hospital. He was not involved in either of the earlier aspects of the investigation (August 27/29, 1988 gangbook identification or alleged August 31, 1988 lineup), with which Plaintiff takes issue. His name is on no reports prior to September 15, 1988 (DX 1.11, 1.12, 1.13, 1.15, 1.22, 1.23, 1.24, 1.25, 1.26, 1.27, 1.28, 1.29, 1.31, 1.32, 1.33, 1.34, 1.36, and 1.37). Plaintiff admitted his only interaction with Gawrys was when he was arrested on September 15, 1988. Trial Tr. (Plaintiff), at 208-9; 389; 504-5. No other witness has testified that Gawrys was involved in the investigation prior to September 15, 1988. Gawrys has testified that other than visiting the hospital, he was not involved in the investigation until September 15, 1988. Trial Tr. (Gawrys), at 1696:17-1698:16; 1721:15-17; 1732:11-12; 1772:4-7; 1772:23-24; 1779:17-20; 1812: 1-2; 1883:3-9; 1887:7-10; 1889:18-23; 1997: 15-22; 1998:24-1999:2; 2006:9-15, Ex. D. Accordingly, there is no evidence that Gawrys was involved in, let alone present, for the alleged conduct on August 27/29, 1988 and August 31, 1988.

Plaintiff's claim concerning September 15, 1988 involves the alleged recant of Lopez. Lopez has consistently testified the he recanted to a white haired woman and a cop. Plaintiff has no evidence to support a claim that the "cop" who was present for the alleged recant was Gawrys. Gawrys testified that he has no recollection of speaking to Lopez (Trial Tr. (Gawrys), at 1723:1-12, Ex. D), and Plaintiff has presented no evidence to the contrary. There is no evidence that Gawrys was aware of the alleged recant and the only evidence about the alleged recant is that Gawrys was not told. Trial Tr. (Gawrys), at 2018:19-2019:4, Ex. D. Thus there is no evidence that Gawrys was a party to or had knowledge of the alleged recant on September 15, 1988. Gawrys denied conspiring with any other party. Trial Tr. (Gawrys), at 1860:16-20, Ex. D.

Any argument or speculation by Plaintiff that Gawrys had knowledge of the alleged recant is improper and must be disregarded because there is no support for it in the evidence. *Swetlik v. Crawford*, 738 F.3d 818, 829 (7th Cir. 2013). Accordingly, Gawrys is entitled to judgment as a matter of law. *James v. Milwaukee County*, 956 F.2d 696, 698 (7th Cir. 1992).

There is no dispute that the September 16, 1988 report drafted by Gawrys was not used at Plaintiff's criminal trial. Trial Tr. (Wadas), at 1482:24-1483:2, Ex. C. Additionally, the report was prepared and submitted after the initial criminal complaint was executed. DX 23 I (dated September 15, 1988). ASA Rosner also confirmed that she approved charges against Plaintiff on September 15, 1988. Trial Tr. (Rosner), at 2662:23-2663:4, Ex. F; DX 16. Thus the September 16, 1988 report that Gawrys prepared was not a proximate cause of any injury suffered by Plaintiff. *Whitlock*, 682 F.3d at 582 (7th Cir. 2012). Proximate causation requires analyzing the relation between a defendant's conduct (here the report created after the Plaintiff was charged and that was not used at the criminal trial) and the resulting injury (conviction and incarceration); the when, where, and exactly how that injury occurs is part of the proximate cause question. *Whitlock*, 682 F.3d at 583. Where, as here, Plaintiff fails to prove causation, judgment in Gawrys's favor is appropriate. *Peretz*, 662 F.3d at 480.

**C. There is No Evidence That McLaughlin or Gawrys Were Parties to a Conspiracy Under Federal or State Law (Counts II and VI)**

"To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510-11 (7th Cir. 2015). Under Illinois law, plaintiff must establish the same two elements as a federal law conspiracy, namely an agreement and an act in furtherance of the agreement that causes harm to the plaintiff. *Turner v. Hirschbach Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017). In

addition, an Illinois conspiracy claim must be proved by clear and convincing evidence. *See Hartford Acc. & Indem. Co. v. Sullivan*, 846 F.2d 377, 384 (7th Cir. 1988); *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill.2d 102, 134, 720 N.E.2d 242, 258 (1999). "Because conspiracies are often carried out clandestinely and direct evidence is rarely available, plaintiffs can use circumstantial evidence to establish a conspiracy, but such **evidence cannot be speculative**." *Beaman*, 776 F.3d at 510-11 (emphasis added). Additionally the alleged conspiracy must cause an injury beyond that of the overt act in furtherance of the conspiracy. *Niehus v. Liberio*, 973 F.2d 526, 531–32 (7th Cir. 1992).

Plaintiff has produced no evidence, beyond improper speculation, of an agreement between either of the Movants and any other person. Nor has Plaintiff connected any alleged overt act in furtherance of the alleged conspiracy to either of the Movants by way of any communication or agreement. McLaughlin was only involved from August 27, 1988 to August 31, 1988. There is no evidence that she was even working on the day Plaintiff was charged, or that she entered an agreement with any party to prosecute Plaintiff. She denied conspiring with anyone (Trial Tr. (McLaughlin), at 871:9-10), and Plaintiff has no competent evidence to the contrary.

On the other end of the investigation is Gawrys, whose only involvement was with the victim on or about September 10, 1988 and then again on September 15-16, 1988. Gawrys specifically testified that he did not conspire with anyone, he is not a party to the malicious prosecution claim, and Plaintiff does not allege he had any knowledge of the alleged recantation that occurred that day. Trial Tr. (Gawrys), at 1860:16-20, Ex. D.  Plaintiff has no evidence that he was involved in any type of agreement.

8

Plaintiff's argument and speculation is not enough for the jury to infer there was a conspiracy. *Aguilar*, 861 F.3d at 630–31. Nor can Plaintiff's reliance on circumstantial evidence save his claim because circumstantial evidence must be "sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Green v. Benden,* 281 F.3d 661, 665–66 (7th Cir.2002). At trial, Plaintiff has failed to set forth even a scintilla of evidence that would allow the jury to conclude the Movants had an agreement with an understanding to achieve the alleged conspiracy's objectives. In fact, the alleged conspiracy is completely undefined in the evidence at trial; nor have any objectives of a conspiracy been referenced. The lack of any evidence to support this claim supports granting the Movants judgment as a matter of law on Plaintiff's Counts II and VI conspiracy claims.

### D. There is No Evidence That McLaughlin or Gawrys Failed to Intervene (Count III)

An officer "who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know…. that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir.2005) (emphasis in original). Plaintiff has produced no evidence that McLaughlin or Gawrys had any knowledge of or were aware of any unconstitutional conduct by any person, or that either one of them had a reasonable opportunity to prevent the alleged unconstitutional conduct.

Plaintiff lacks evidence that Gawrys failed to intervene. As set forth above in Section B, Gawrys had no involvement in the investigation until on or about September 10, 1988 so he could not have failed to intervene on August 27, 29 or 31, 1988. *Abdullahi*, 423 F.3d at 774. On

9

September 15, 1988, Gawrys was not a party to the alleged recant and was not informed of the alleged recant. Trial Tr. (Gawrys), at 2018:19-2019:4, Ex. D. Plaintiff's rank speculation otherwise does not create an issue for the jury. Therefore, the Court should grant Gawrys judgment as a matter of law on Count III.

Similarly, Plaintiff failed to adduce any evidence that McLaughlin failed to intervene. As set forth above in Section A, McLaughlin was not involved in the identification of Plaintiff on August 27, 1988 and was not present at the police station on September 15, 1988. Accordingly her only possible chance to intervene was on August 31, 1988. However, the Plaintiff's evidence on this claim fails because no August 31, 1988 lineup was suppressed from Plaintiff as both he and his criminal attorney were both fully aware of Plaintiff's allegations that he was in a lineup on August 31, 1988. Thus, McLaughlin did not fail to intervene in any action that caused a constitutional injury to Plaintiff and is entitled to judgment on this Count III.

WHEREFORE, Defendants McLaughlin and Gawrys request that the Court enter judgment as a matter of law in their favor and against the Plaintiff as to the respective Counts remaining against them

Dated: June 21, 2018                                    Respectfully submitted,

                                                        /s/ David A. Brueggen
                                                        DAVID A. BRUEGGEN
                                                        *Counsel for Defendants McLaughlin*
James G. Sotos                                          *and Gawrys*
Jeffrey N. Given
Caroline P. Golden
Joseph M. Polick
David A. Brueggen
The Sotos Law Firm, P.C.
550 E. Devon Avenue, Suite 150
Itasca, IL 60143
Tel: (630)735-3300
dbrueggen@jsotoslaw.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on June 21, 2018, I electronically filed the foregoing **Defendants McLaughlin and Gawrys's Rule 50 Motion for Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants below.

| | |
|---|---|
| **Attorneys for Plaintiff** | **Attorneys for City of Chicago** |
| Arthur R. Loevy | Eileen E. Rosen |
| Jonathan I. Loevy | Stacy A. Benjamin |
| Elizabeth N. Mazur | Catherine M. Barber |
| Russel Ainsworth | Theresa B. Carney |
| Michael I. Kanovitz | Rock Fusco & Connelly, LLC |
| Steven E. Art | 321 N. Clark Street, Suite 2200 |
| Anad Swaminathan | Chicago, IL 60654 |
| Rachel Brady | (312)494-1000 |
| 311 N. Aberdeen | (312)494-1001(fax) |
| Chicago, IL 60607 | erosen@rfclaw.com |
| (312)243-5900 | sbenjamin@rfclaw.com |
| (312) 243-5902 (Fax) | cbarber@rfclaw.com |
| loevylaw@loevy.com | tcarney@rfclaw.com |
| jon@loevy.com | |
| Elizabethm@loevy.com | |
| russell@loevy.com | **Attorneys for Reynaldo Guevara** |
| mike@loevy.com | Thomas M. Leinenweber |
| steve@loevy.com | James V. Daffada |
| annad@loevy.com | Kevin E. Zibolski |
| Brady@loevy.com | Leinenweber Baroni & Daffada, LLC |
| | 120 N. La Salle Street, Suite 2000 |
| J. Samuel Tenenbaum | (312)663-3003 |
| Bluhm Legal Clinic | thomas@ilesq.com |
| 375 East Chicago Avenue | jim@ilesq.com |
| Chicago, IL 60611 | kevin@ilesq.com |
| (312)503-4808 | |
| s-tenenbaul@law.northwestern.edu | |

Locke E. Bowman, III
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312)503-0844
(312)503-1272 (fax)                       /s/ David A. Brueggen
l-bowman@law.northwestern.edu             DAVID A. BRUEGGEN, Attorney No. 6289138
a-vanbrunt@law.northwestern.edu           *Counsel for Defendants McLaughlin and Gawrys*