IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 C 4428 |
| Plaintiff, | ) | |
| | ) | Hon. Joan B. Gottschall, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | Hon. Mary M. Rowland, |
| | ) | Magistrate Judge |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO BAR UNDISCLOSED WITNESS CELESTE STACK**

Now comes Plaintiff, Jacques Rivera, by his attorneys, and respectfully moves to bar Defendants from calling former Assistant State's Attorney Celeste Stack, a previously undisclosed witness. In support, Plaintiff states as follows:

**Introduction**

1. Defendants' counsel have just communicated an intention to attempt to prolong the trial by calling a totally undisclosed witness to offer hearsay testimony on a collateral issue that has already been exhaustively discussed, namely, the "umbrella" examination that was explored *ad nauseam* during the examination of former detective Bill Dorsch. Defendants should be barred from doing so.

2. Specifically, last night, the Defendants informed Plaintiff that they intend to call former Assistant State's Attorney Celeste Stack. Ms. Stack was not disclosed in discovery and was not disclosed on the Final Pretrial Order. After court today Defendants revealed that they intend to call her tomorrow (Friday, June 22). There is no justification for allowing Defendants to suddenly spring this previously undisclosed witness. Indeed, the Court granted Defendants' motion to bar Plaintiff's undisclosed witnesses on grounds equally applicable to the present dispute. Dkt. 536. Defendants should be held to the same standard.

3. In addition, Ms. Stack has no admissible testimony to provide. She is being called to challenge the testimony of former detective Bill Dorsch; and in particular, from what Plaintiff can surmise, to testify that a few years ago she interviewed one of the witnesses from the Jimenez case—the case that Mr. Dorsch testified is *not* the one in which Defendant Guevara told a juvenile who to pick from a photo array. Her anticipated testimony is that the witness in the other case told her a story inconsistent with the one Mr. Dorsch has told about the case in which he observed Guevara's misconduct. There are a lot of problems with this testimony. For one, Mr. Dorsch testified that the Jimenez witness who Ms. Stack spoke to is not the same person who he observed Guevara manipulate. In addition, the evidence that Defendants seek to admit through Ms. Stack is inadmissible hearsay. Moreover, permitting Ms. Stack—a prosecutor who advocated to keep many Geuvara victims in prison—to testify would open up an array of issues relating to impeachment of credibility and evidence of her bias that would substantially prolong the trial. Even if there were not fatal disclosure issues, these evidentiary concerns, along with other Rule 403 considerations, plainly warrant barring Ms. Stack from testifying.

**Discussion**

4. First, during four years of fact discovery in this case, Defendants never disclosed Celeste Stack as a potential witness. Her name was also absent from the Final Pretrial Order. Dkt. 377, 515 (Defendants' witness list includes 54 potential witnesses, but not Ms.Stack). On that basis alone, and consistent with the Court's ruling on Defendants' own motion on the same subject, she should be barred.

5. Second, there is also no excuse for the failure to disclose Ms. Stack far earlier. Defendants have known about Ms. Stack since at least April 14, 2015 when they took the deposition of Mr.

Dorsch. That was more than a year before fact discovery closed. At that deposition, they asked Mr. Dorsch almost 100 pages of questions about the case in which he alleges Guevara committed misconduct. Exhibit A (Dorsch Dep.) at 318-411. They referred specifically to the Cook County State's Attorneys' Office ("CCSAO") investigation into Mr. Dorsch's allegations, which Ms. Stack was involved in, and they asked him a series of questions about the CCSAO interviews of the purported "juvenile" witnesses (*i.e.*, the juveniles from the "Jimenez" case that the City insists are the ones Mr. Dorsch is talking about). Ex. A at 398-403.

6. In other words, at that time the Defendants were fully aware of what Mr. Dorsch would testify to and that Ms. Stack could be a potential rebuttal witness, and so after failing to disclose her they cannot now call her as a purported rebuttal witness. *See Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (holding that a party cannot offer in the guise of "rebuttal" witness testimony that it had reason to know all along would be offered).

7. Indeed, absolutely nothing surprising happened at trial that would warrant calling an undisclosed rebuttal witness. The Court had previously ruled that Mr. Dorsch could testify on the 404(b) topic he testified about; he was deposed previously on that topic; and when Defendants stood up to question him they were hardly surprised: Mr. Sotos was armed and ready with a large, glossy demonstrative exhibit to attack Mr. Dorsch's story.

8. Third, making matters worse, Defendants' failure to previously disclose Ms. Stack comes despite fulsome 404(b) discovery closely supervised by Judge Rowland. During discovery, Defendants insisted that 404(b) discovery be dramatically curtailed, and Judge Rowland accepted Defendants' position over Plaintiff's objection. Dkt. 76.

9. In that vein, Plaintiff initially disclosed dozens of 404(b) witnesses related to Defendant Guevara's misconduct. Plaintiff was then ordered to limit himself to ten 404(b) witnesses, plus Mr.

Dorsch (who was also a fact witness in this case). Dkt. 76. Plaintiff made his disclosure on January 30, 2014, pursuant to Judge Rowland's order. *See* Exhibit B (Jan. 30, 2014 Letter) ("Plaintiff reserves his right to question William Dorsch, who has been disclosed previously by all parties in the case, on any subject at trial."). There is no dispute that Mr. Dorsch was properly disclosed as a 404(b) witness. Because he was disclosed as a 404(b) witness, Defendants questioned him at length about his knowledge of Defendant Guevara's misconduct at his deposition (discussed above), and have never challenged his disclosure on 404(b) topics in any of their pre-trial filings.

10. Defendants were then given permission to disclose rebuttal witnesses to Plaintiff's 404(b) witnesses—without limitation on the number of rebuttal witnesses to each of Plaintiff's 404(b) witnesses. They disclosed 25 witnesses to rebut Plaintiff's narrowed list of 404(b) witnesses. Exhibit C (Defendants' Second Supplemental Rule 26(a)(1) Disclosure). Among the 25 names, they did not disclose Ms. Stack.

11. Put simply, at Defendants' insistence Judge Rowland closely supervised 404(b) discovery and ordered the parties to make disclosures in accordance with her instructions. At no point did Defendants include Ms. Stack in those disclosures, even though they knew of her knowledge on the subject of Mr. Dorsch's testimony at least a year before the end of fact discovery.

12. Fourth, it would be particularly unfair to permit Defendants to call Ms. Stack now, since Defendants successfully convinced the Court to bar Plaintiff's undisclosed witnesses. Dkt. 536. It is only fair to apply this standard both ways.

13. In its ruling barring Plaintiff from calling certain witnesses on disclosure grounds, the Court identified the following relevant factors in deciding whether to permit Plaintiff to call undisclosed witnesses: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad

faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)). For the reasons set forth above, along with the fact that the disclosure comes in the middle of the third week of trial, all of these factors favor barring Ms. Stack.

14. Fifth, it would be doubly unfair to permit Ms. Stack after barring Plaintiff's 404(b) witness, Ms. Evelyn Diaz. Dkt. 536. The disclosure problem is worse in the case of Ms. Stack. Starting with Ms. Diaz, she *was* a disclosed witness in this case; she just did not make Plaintiff's "top ten" list when he was forced to limit his list. When, four and a half years later at trial some of the people on Plaintiff's top ten list were dead or no longer available, Plaintiff sought to add Ms. Diaz as a replacement, Dkt. 465, at 4-5, but her request was denied on the grounds that there was no timely disclosure.

15. Contrast that with Ms. Stack, who was never disclosed in this case at all. And despite no restrictions on the number of 404(b) rebuttal witnesses Defendants could identify, they never disclosed her. Defendants cannot now be permitted to call a totally undisclosed witness for whom Plaintiff been given notice in the middle of the third week of trial.

16. Sixth, speaking of the third week of trial, the Court should not permit an undisclosed witness to suddenly come in and testify on a completely collateral issue. The trial has been going on for a long time; three prosecutors have already been called in this case, with many more witnesses left to be called. There is simply no justification for adding another witness just disclosed.

17. Seventh, in addition to all of the reasons above, Ms. Stack has no admissible testimony to offer. Her only basis to come and testify is that a few years ago, while working at the CCSAO, she allegedly interviewed a man named Mr. Vargas, from the so-called "Jimenez" case. Any testimony she has to offer, then, is based on her conversations with the witness, that is, rank hearsay. She

wants to testify that she heard from Mr. Vargas that Guevara did not do certain things. This testimony would not be admissible at this trial from Mr. Vargas, much less one step removed.

18. Eighth, in addition to the hearsay problem, the relevance of Ms. Stack's testimony is highly suspect. As discussed at length today at trial, Mr. Dorsch insists that the case Mr. Stack knows about, the "Jimenez" case, is different than the "umbrella" case; allowing Ms. Stack to now come in and testify about her conversation with a witness in a case Mr. Dorsch says is not the one at issue is a waste of time. Of course, Plaintiff acknowledges there is a dispute on this point. But the issue of what happened with the Umbrella case, or Jimenez case, or whatever you want to call it, has been beaten to death. Defendants called Mr. Dorsch, and then had two different lawyers vigorously and redundantly cross-examine him for hours (without exaggeration) about the incident. Defendants were given ample leeway to press their point, and there is no basis to make this collateral issue any more of a centerpiece of the trial than it already has become given Defendants' questioning. Especially where Defendants' intention is to extend the trial by calling an undisclosed witness to offer hearsay testimony on the issue.

19. Finally, Ms. Stack should not be permitted to testify because her testimony would open the door to yet additional testimony, elongating the trial even further. Indeed, if someone who comes with the imprimatur of a former Assistant State's Attorney is permitted to testify that Mr. Dorsch is lying (or more accurately, that she heard from someone else that he's lying), then Plaintiff must be permitted to present evidence of bias. Bias is always relevant. *See Bruce v. City of Chicago*, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011) (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984); accord *Gavin v. Life Ins. Co. of North America*, 2013 WL 2242230, at *2 (N.D. Ill. May 21, 2013); *Ratliff v. City of Chicago*, 2012 WL 5845551, at *4 (N.D. Ill. Nov. 19, 2012). And here, the bias takes two important forms: personal and institutional.

20. Institutionally, in addition to "exonerating" Mr. Guevara in the Jimenez case, the CCSAO opposed many of the post-conviction cases involving allegations of Defendant Guevara's misconduct that ultimately resulted in exonerations. If the Defendants are permitted to call Ms. Stack to support Mr. Guevara's version, Plaintiff would need to show that Ms. Stack had been deeply involved in the position of her office, and her personal bias on the issue is indisputable and highly relevant. By way of example, she opposed the post-conviction petitions of William Negron and Roberto Amodovar; but both of their convictions in Guevara misconduct cases were ultimately dismissed and Mr. Negron received a certificate of innocence. Group Exhibit D. She also opposed the post-conviction petition of Ariel Gomez, Group Exhibit E, who was ultimately exonerated. And finally, and perhaps most egregious, she opposed the post-conviction petitions of Jose Montanez and Armando Serrano, despite that the law firm Sidley Austin conducted an investigation into Guevara's misconduct and determined that Montanez and Serrano were "more likely than not actually innocent." Group Exhibit F. Both men then received certificates of innocence.

21. Against this backdrop, Ms. Stack's opening argument in the post-conviction hearing is notable: she asserted that Montanez and Serrano "are guilty of these murders," and she called them "mut[t]s who want money." Exhibit G. If she is permitted to testify, and as a former Cook County State's Attorney place her thumb on one side of the scale, that would open the door to the evidence of her bias, above.

22. Finally, Ms. Stack's proposed testimony is completely irrelevant. Defendants were unable to establish the timeframe in which Mr. Dorsch allegedly learned of the Jimenez allegation. Proving that Mr. Vargas did or did not tell Ms. Stack things that would have exonerated Guevara in the other case is not probative to anything at issue.

**Conclusion**

For all of the reasons set forth above, the Defendants should be barred from calling undisclosed witness Celeste Stack to offer inadmissible opinions on a collateral issue. The parties already have plenty enough witnesses to get through without protracting the trial unnecessarily.

.                                        Respectfully Submitted,

**JACQUES RIVERA**

By:       /s/ Jon Loevy

*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Anand Swaminathan
Steven Art
Rachel Brady
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900
anand@loevy.com

Locke E. Bowman
David Shapiro
Alexa Van Brunt
RODERICK MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-0844

J. Samuel Tenenbaum
BLUHM LEGAL CLINIC
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-8576

## **CERTIFICATE OF SERVICE**

      I, Jon Loevy, an attorney, certify that on June 21, 2018, I filed the foregoing Motion using the Court's CM/ECF system, which effected service on all counsel of record.

                                               /s/ Jon Loevy
                                            *One of Plaintiff's Attorneys*