UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-04428 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| REYNALDO GUEVARA et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The court rules as follows on the proposed jury instructions filed June 1, 2108, ECF No. 543. *See also* Proposed Instructions, ECF Nos. 443-1, 443-2, 649, 650. After modifying the jury instructions, the parties must file a final draft of the proposed jury instructions. The jury instructions should not be numbered. A courtesy copy in Word and hard copy form must be delivered to chambers. Refused instructions must be removed. There should be no blank instructions.

Defendants' proposed instruction no. 10 on the imputation of adverse inferences from defendants Guevara and Mingey are refused. *Baxter v. Palmigiano*, 425 U.S. 308 (1976), broke new ground when it held that an adverse inference can be drawn when a witness invokes her Fifth Amendment privilege in a civil proceeding, but it is a first-party case. The question of third-party imputation did not arise in *Baxter*. *See id.* at 318–20.

The four factors listed in *LiButti v. United States* are used to decide whether the Fifth Amendment invocation is admissible, not what inferences should be drawn. *See* 107 F.3d 110, 124 (2d Cir. 1997) (reviewing admissibility de novo and leaving weight of evidence and Rule

403 balancing in district court's discretion). No party argues that the jury should be instructed on the *LiButti* factors. At trial, defendants objected to some of the questions put to Guevara and Mingey, and the court ruled. Defendants never raised the imputation issue at the motion in limine stage. Furthermore, the district court cases defendants cite can be distinguished. *State Farm Mut. Auto. Ins. Co. v. Abrams* is an admissibility case, and the opinion contains dicta on whether an adverse inference can be drawn against a party based on a third party's invocation of the Fifth Amendment privilege. No. 96 C 6365, 2000 WL 574466, at *5–7 (N.D. Ill. May 11, 2000). Judge Pallmeyer's discussion of the Fifth Amendment issue concludes, "the court can decide this summary judgment motion without relying on Fifth Amendment adverse inferences." *Id.* at *7. The district court in *Emerson v. Wembley USA Inc.* weighed the *LiButti* factors and found that drawing far-reaching adverse inferences from a single witness's invocation of the Fifth Amendment would be inappropriate as a matter of admissibility. 433 F. Supp. 2d 1200, 1210–14 (D. Colo. 2006). Here, defendants made several foundation objections to questions put to defendants Guevara and Mingey, some of which the court sustained. But in *Emerson*, the plaintiff tried to use the Fifth Amendment adverse inference to bootstrap, through questioning, inferences for which there was no other foundation. *Id.* at 1214. At trial, defendants raised objections and the court ruled on whether a foundation existed for questions to Guevara and Gawrys.

     By agreement, instruction no. 14 will be given as revised. The instruction should not list witnesses who have been impeached. This is for argument.

     For the reasons given in the accompanying order, instructions nos. 19 and 20 on missing evidence and spoliation are refused. The court bases its ruling on the arguments of the parties in open court on June 26, 2108.

The court proposes describing the demonstrative exhibits as "charts, maps, timelines, and summaries" (instruction no. 22, bracketed material). The parties must confer about the proposal and propose a description in the final draft.

The count of officer defendants must be updated in instruction nos. 23 and 28. The list of officer defendants must be updated throughout the instructions to reflect the voluntary dismissals at trial.

The parties' proposed personal involvement in § 1983 cases (proposed instruction no. 25) are inadequate for the reasons stated in open court. The parties must submit an agreed instruction by tomorrow morning.

Regarding the elements of a *Brady* claim in instruction no. 29, the dispute over separate instruction for defendants Sparks and Zacharias has been mooted by their dismissal. The court ruled on the defendants' proposed instruction on the elements of plaintiff's *Brady* claim at the May 24, 2018, instruction conference. With the exception of the second element, defendants' resubmission of substantially the same proposed instruction, ECF No. 650 at 2, is refused.

Defendants' requests for a definition of reasonable diligence exceeding the language of the Seventh Circuit Pattern Jury instruction is refused. Instructing the jury on portions of *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001) will more likely confuse the jury than assist them in defining a relatively straightforward term about which the jury has heard a great deal of testimony and argument. *Compare* Defs.' Proposed Instructions at 38, ECF No. 433-2, *with* Pl.'s Proposed Instructions at 38, ECF No. 433-1.

The court has reviewed the parties' proposed conspiracy instructions (instruction no. 32 in the June 1, 2018, draft) submitted June 26, 2018, ECF Nos. 649 at 2; ECF No. 650 at 5. The court rejected the parties' first versions of this instruction because the first element was too

3

confusing. Defendants' proposal filed June 26, 2018, does not solve that problem. *See* ECF No. 650 at 5. On the other hand, plaintiff's preference for the word "agreement" leads to language likely to confuse the jury. What it means to "join[ ] an agreement" is far from clear. ECF No. 659 at 2. Defendants' proposed version defines a conspiracy as an agreement and then uses the term "conspiracy" throughout the instruction. The court prefers defendants' prefatory paragraphs, which were used in the *Fields* litigation, and plaintiff's recitation of the elements and following definitions, ECF No. 649 at 2, substituting the word "conspiracy" for "agreement." Consistent with these rulings, the parties' competing versions of instruction no. 32 are refused in part and given in part.

Regarding proposed instruction no. 34 on *Monell* liability, the parties are at issue on the second element defining the alleged policies of the City. Plaintiff wishes to define policies as "(a) conceal[ing] material exculpatory and/or impeachment evidence, or (b) . . . fabricat[ing] false evidence, or (c) depriv[ing] individuals of their liberty without probable cause." ECF No. 543 at 35. At summary judgment, the court dismissed on causation grounds plaintiff's claims that defendants engaged in suggestive lineup procedures. The last policy can be read as encompassing that claim, and it also seems conclusory. For those reasons, it will be eliminated. This ruling accords with plaintiff's proposal filed in the afternoon on June 26, 2018, *see* ECF No. 652 ¶¶ 3–4. The court therefore accepts plaintiff's proposed changes to instruction no. 34. As modified, instruction no. 34 will be given.

On the "commences or continues" element of plaintiff's malicious prosecution claim (instruction no. 38), the Seventh Circuit's interpretation of Illinois law in *Colbert v. City of Chicago*, 851 F.3d 649, 655 (7th Cir. 2017) controls because the Illinois Supreme Court has not made a contrary decision since *Colbert*, though the parties tell the court that the issue is being

briefed in the Illinois Supreme Court. *See Scadron v. City of Des Plaines*, 734 F. Supp. 1437, 1452 (N.D. Ill. 1990) (quoting *Owens–Ill., Inc. v. Aetna Cas. & Surety Co.*, 597 F. Supp. 1515, 1520 (D.D.C. 1984)) (emphasis omitted).

A grand jury indicted plaintiff Jacques Rivera. Accordingly, the panel in *Colbert* agreed that *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996), accurately stated Illinois law: "the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements by the officers to the prosecutor." *Colbert*, 851 F.3d at 655 (majority opinion) (citation omitted); *id.* at 665 (Hamilton, J., concurring in part and dissenting part). Applying *Colbert* and *Reed*, the court will instruct the jury that the defendant must have knowingly made false statements to the prosecutor which caused the prosecutor to proceed with the prosecution. *See Colbert*, 851 F.3d at 655 (quoting *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001)).

Finally, defendants' proposed instructions nos. 53 (based on Seventh Circuit Civil Pattern Jury Instruction No. 2.14), 54 (other acts of defendant Guevara), and 55 (regarding police regulations), will be given. ECF No. 650 at 7–9 (no objection noted[1]). But the jury heard testimony from multiple experts on the relationship between the State's Attorney's Office and police officers. The court sees no need to instruct the jury separately on that relationship under Brady, and neither the comments to Seventh Circuit Pattern Jury Instruction 7.14 nor the cases cited require a separate instruction on the prosecutor's duty to instruct the jury. Again, the court will adhere to Pattern Jury Instruction No. 7.14 without selectively quoting from *Brady* case law.

---

[1] As to defendants' proposed instruction no. 54, plaintiff cryptically states that his objection is "reserved and pending." The court cannot tell what this means.

Defendants' proposed instruction no. 56 is refused.

Date: June 26, 2018                              /s/
                                         Joan B. Gottschall
                                         United States District Judge