UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-04428 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| REYNALDO GUEVARA et al., ) | |
| ) | |
| Defendants. ) | |

**Ruling on Plaintiff's Proposed Instruction No. 19 (Missing Evidence) and Defendants' Proposed Instruction No. 20 ("Spoliation/Destruction of Evidence")**

Defendants seek a spoliation instruction based on the fact that in 2002, plaintiff's criminal trial attorney Wadas turned over a copy of his defense file to Northwestern University's Center on Wrongful Convictions, which was investigating whether Northwestern would accept plaintiff's case and pursue post-conviction relief, and Northwestern lost the copy. Northwestern prepared a table of contents of the file, listing 328 pages of documents. At some subsequent time, Northwestern lost its copy of plaintiff's file. In discovery in this case, Wadas turned over a total of 352 pages of documents (340 initially, which he said constituted all the documents in his file, and 12 pages of notes later, that he identified as part of his file but not included in his original subpoena response). Based on the discrepancy between the number of documents contained in Northwestern's index (328) and the Wadas file (352 pages), defendants claim they are entitled to a spoliation instruction for the loss of the Northwestern copy of the file. There is no basis for the belief that Northwestern had or lost documents not contained in the Wadas file; indeed, Northwestern indexed 328 pages of documents and Wadas produced 352 pages.

This is a case of "no there there." Defendants' request for a spoliation instruction depends on the inference that Northwestern's 328 page copy of Wadas' file included documents

that Wadas' original 352 page file lacked. No such instruction is justified. The issue is whether the file Wadas turned over is or is not complete. The fact that a copy of that file was made and is missing hardly establishes that there were documents in the Northwestern file that are missing from Wadas' file. Given the numbers, that is extremely unlikely, and it is hardly strong enough evidence to justify a spoliation instruction. The evidence at trial was not sufficient to justify a jury finding that Northwestern's file contained something missing from Wadas' larger original file. Were the jury to so find, it would be engaging in rank speculation.

If the numbers were not enough, defendants did not establish that Northwestern's loss of the file was intentional. Cathryn Crawford, the lawyer who created the index of the 2002 version of the Wadas file, testified on June 21, 2018. She did not recall creating an index of the file; she could only speculate about why the index was created; and she stated that support staff helped her box up the file multiple times as she moved from office to office at Northwestern. *See* 13 Trial Tr. 3180:6–20; *see also id.* at 3183:15–20 (stating that defendants are not accusing Northwestern of "destroy[ing]" or "secret[ing] a document"). "This circuit requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence" to support a spoliation instruction. *Spesco, Inc. v. Gen. Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983). The court need not reach the issue of whether plaintiff is responsible for Northwestern's loss of the file copy to conclude that no spoliation instruction is appropriate.[1]

Similarly, with respect to plaintiff's proposed instruction no. 19, plaintiff did not elicit evidence at trial that would allow the jury to infer that a defendant intentionally caused the

---

[1] The basis of the spoliation doctrine is that a party's destruction of evidence is indicative of the party's awareness that his case is weak. This gives rise to a question of how Northwestern's conduct indicates anything about plaintiff's awareness of the strength or weakness of his case. *See U.S. v. Esposito*, 771 F.2d 283, 285 (7th Cir. 1985).

subject evidence to be destroyed. Accordingly, the parties' requests to give spoliation instructions are denied.

Date: June 26, 2018                               /s/
                                            Joan B. Gottschall
                                            United States District Judge