UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUES RIVERA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REYNALDO GUEVARA et al., ) <br> ) <br> Defendants. ) | Case No. 12-CV-4428 <br><br> Judge Joan B. Gottschall |

## ORDER

This civil rights action under 42 U.S.C. § 1983 and Illinois law comes before the court on four post-judgment motions either renewing a pre-verdict motion for judgment as a matter of law ("JML"), *see* Fed. R. Civ. P. 50(b), or seeking a new trial, *see* Fed. R. Civ. P. 59(a). The court denies the motions.

The issues at trial largely mirrored those that arose at summary judgment. The summary judgment opinion set out and discussed the factual background and contested issues in detail. *See Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1020–38 (N.D. Ill. 2018). Plaintiff Jacques Rivera ("Rivera") has maintained throughout this litigation that the City of Chicago ("the City") and several former Chicago police officers fabricated and suppressed evidence in an effort to frame him for the 1988 murder of Felix Valentin ("Valentin"). Rivera spent more than 20 years in prison for the Valentin murder before the sole eyewitness to the shooting, Orlando Lopez ("Lopez"), recanted his identification of Rivera as the shooter.

Some defendants were dismissed at summary judgment, and Rivera dismissed others voluntarily during trial. By the end of the trial, the City of Chicago and four former Chicago police officers remained as defendants. The jury found in favor of one defendant, Gillian

1

McLaughlin ("McLaughlin"), and held liable the other defendants, the City, Reynaldo Guevara ("Guevara"), Steve Gawrys ("Gawrys"), and Edward Mingey ("Mingey"), (collectively "officer defendants"). The jury awarded plaintiff $17 million in compensatory damages and the following punitive damages as follows: $75,000 against Guevara, $75,000 against Mingey, and $25,000 against Gawrys. Verdict, ECF No. 673.

## Renewed Motions for JML: Sufficiency of the Evidence

Defendants renew written motions for JML made during trial. ECF Nos. 707, 711. This court reserved ruling on the pre-verdict motions for JML until the jury returned its verdict. *See* Fed. R. Civ. P. 50(b). Once that occurred, the court ruled on the motions in an 11-page order entered July 20, 2018. ECF No. 676.

Defendants have forfeited many of the grounds on which they now seek JML. A post-verdict Rule 50(b) motion "is only a renewal of the preverdict motion[;] it can be granted only on grounds advanced in the preverdict motion." *Passananti v. Cook Cty.*, 689 F.3d 655, 660 (7th Cir. 2012) (quoting Fed. R. Civ. P. 50(b), comm. note (2006 amend.)) (other citation omitted). With the exception of the issue discussed below, defendants advance sufficiency of the evidence challenges in their Rule 50(b) motions. They argue that they did not have the opportunity to present these issues before the jury retired to deliberate. But in this case, defendants filed briefs on these issues before the jury retired. The issues defendants raise do not involve pure questions of law such as contract interpretation. The Rule 50(b) cases defendants cite do not, therefore, help them.[1]

---

[1] *See Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015) ("although a Rule 50 motion ordinarily is required to preserve a challenge to the sufficiency of the trial evidence, questions of contract interpretation are different. They involve pure questions of law unrelated to the sufficiency of the trial evidence."); *Petit v. City of*

The following arguments made by the City have been forfeited: Part III.C; Part I.E., and Part III. The court also agrees with the City and plaintiffs that a Rule 50(b) analysis of the issues briefed for purposes of preserving the record in Part III of the City's Rule 50(b) motion is unnecessary given the court's ruling on the jury instructions at the Rule 50(a) stage. *See* ECF No. 707 at 13–16; Rule 50(a) Mot. Ruling at 9, ECF No. 676. Furthermore, defendants Mingey and Guevara offer no reason to depart from the court's waiver ruling at the Rule 50(a) stage. Given that they failed to develop adequately any sufficiency of the evidence arguments in their pre-verdict motion, all of the sufficiency arguments they join in the officer defendants' joint post-verdict motion for JML (ECF No. 711) are forfeited. *See* Rule 50(a) Mot. Ruling at 6 (citing *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013)). Finally, defendant Gawrys failed to preserve the following sufficiency of the evidence arguments made in his pending Rule 50(a) motion: the arguments in Part I.A; Part I.C; and Part II and III (these are based expressly on forfeited arguments).

Even if the court were to reach the foregoing sufficiency of the evidence challenges, defendants have given the court no adequate reason to enter JML.

> [I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence . . . . Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

---

*Chicago,* 239 F. Supp. 2d 761, 767–69 (N.D. Ill. 2002) (finding party failed to preserve issues raised for the first time in Rule 50(b) motion because party had opportunity to raise them pre-verdict).

*Robinson v. Perales*, 894 F.3d 818, 833 (7th Cir. 2018) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)). The court's prior rulings, particularly the summary judgment opinion and the order on pre-judgment Rule 50(a) motions, address the sufficiency of the evidence issues defendants raise in detail, and the court hews to those decisions.

One issue defendants raise could not have been anticipated before the verdict. Defendants argue that the jury's finding of no liability for McLaughlin is inconsistent with holding them liable.[2] They contend that the verdict on McLaughlin requires entry of JML for them or a new trial. The court addresses this issue here under both the Rule 50(b) standard and the Rule 59 standard discussed below. "If possible, this court must reconcile apparently inconsistent verdicts, rather than overturn them. A party claiming that inconsistent verdicts have been returned is not entitled to a new trial 'unless no rational jury could have brought back' the verdicts that were returned." *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005) (quoting *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 677 (7th Cir. 1985)) (internal citation omitted). The verdicts here can be reconciled, so neither JML nor a new trial is warranted.

The court understands the common elements of defendants' argument to run this far. Among other thing as to McLaughlin, Rivera sought to prove that McLaughlin supervised a lineup on August 31, 1988, evidence of which was suppressed allegedly by McLaughlin. By rejecting liability for McLaughlin, the jury must have concluded either that the lineup did not

---

[2] Given the ruling that follows, the court does not find it necessary to address the potential conflict in defendants' contention that all defendants must be found not liable given that McLaughlin was found not liable.

occur or that evidence of it was not suppressed or exculpatory for *Brady*[3] purposes.  *See* Officer Defs.' Mot. JML at 10–11, ECF No. 711; City Mot. JML at 4, ECF No. 707.  The officer defendants' argument ends here; they submit that holding them liable is inconsistent with any of the jury's conclusions about McLaughlin.  *See* ECF No. 711 at 11.  But the verdicts can be reconciled in many ways.  For example, defendants ignore the possibility that the jury believed McLaughlin's testimony that she was not involved with the Valentin investigation after August 31, 1988, and found that McLaughlin did not join a conspiracy with the other officer defendants.  This is but an example.  To say the least, defendants ignore a substantial body of evidence supporting the jury's verdict on independent grounds.  *See generally Rivera*, 319 F. Supp. 3d at 1020–38.  As the verdict on plaintiff's due process claims rests on sufficient evidence, even putting aside plaintiff's theories about McLaughlin's role in the August 31, 1988, lineup, the officer defendants' inconsistency challenge fails as does the City's challenge to the extent it is based on the argument that the no liability finding for McLaughlin means that no officer defendant could have been individually liable.

      The City appears to make another argument, but it is underdeveloped.  The City points out that McLaughlin was the sole detective named as a defendant.  Without McLaughlin's liability the City reasons that "[t]he jury could not have found the City liable for any of its alleged *Brady*-compliance policies, as they pertain to detectives."  ECF No. 707 at 4.  What the City means by this is not at all clear to the court, for the City does not explain which policies it thinks relate to detectives and which do not.  *See id.*  In any event, the jury had an ample basis in

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

the record to impose *Monell* liability on several policies not facially related to detectives, such as customs and practices concerning disclosing and maintaining investigative files. The court therefore rejects this underdeveloped argument as a basis for entering JML or ordering a new trial.[4]

## Motions for New Trial

Defendants make partially overlapping arguments in their Rule 59(a) motions for new trial. The following list uses a single sequence to number the issues. The City argues that: (1) the verdict on Rivera's *Monell*[5] claims was against the manifest weight of the evidence; (2) the verdict resulted from erroneous evidentiary rulings; and (3) errors in instructing the jury require a new trial. *See* City Mot. New Trial, ECF No. 708. The officer defendants move for a new trial on the following grounds: (4) the court's evidentiary rulings concerning defendants Guevara and Mingey's invocation of their Fifth Amendment testimonial privilege were erroneous and prejudicial; (5) the court made erroneous evidentiary rulings by (a) excluding evidence regarding Felipe Nieves, (b) barring one of defendant's experts from testifying, and (c) admitting allegedly undisclosed opinions from one of plaintiff's experts; (6) the verdict was against the great weight of the evidence; (7) the conduct of Rivera's trial counsel throughout considered cumulatively

---

[4] Rivera also argues that the court should find that defendants waived any objection to an inconsistent verdict by failing to object before the jury was discharged. Pl.'s Combined Resp. 40, ECF No. 735. The Seventh Circuit has not ruled on this issue, but it has noted more than once that several other circuits have found waiver where a party failed to object timely to an inconsistent verdict. *See, e.g., Fox v. Hayes,* 600 F.3d 819, 844 (7th Cir. 2010); *Pearson v. Welborn,* 471 F.3d 732, 739 (7th Cir. 2006). The court need not find waiver here, but it does find that no timely inconsistency objection was made. Defendants could have made such an objection before the jury was discharged.

[5] *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691–95 (1978).

prevented the officer defendants from receiving a fair trial; and (8) the foregoing errors cumulatively require a new trial. *See* Officer Defs.' Mot. New Trial, ECF No. 713.

"A new trial may be granted if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (quotation marks omitted); *see also Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011) (explaining that parties seeking a new trial "bear a particularly heavy burden"). A new trial is warranted for purported errors in evidentiary rulings "only if the error has a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice." *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 440 (7th Cir. 2009). "[E]ven if a judge's decision is found to be erroneous, it may be deemed harmless if the record indicates the trial result would have been the same." *Id.*; *see also Alverio v. Sams Warehouse Club* , 253 F.3d 933, 942 (7th Cir. 2001).

Defendants have given the court no sufficient reasons to order a new trial by revisiting the evidentiary rulings at trial or the numerous motions in limine (items 2, 4, and 5). Defendants rehash rulings at the summary judgment and motion in limine stages. Specifically, defendants revisit rulings on the admissibility of Dr. Wells' expert testimony, *see* Ruling on Mot. in Limine No. 7, ECF No. 547; the admissibility of "after-acquired" evidence regarding Felipe Nieves (including rulings on whether the proverbial door had been opened to this evidence at trial), *see* Ruling on Mot. in Limine No. 9, ECF No. 526; and the court's handling of defendant's expert Judge Wasilewski–a matter that was litigated exhaustively during trial through a motion for reconsideration, *see* ECF Nos. 550, 638. Defendants have not shown that any of these rulings were wrong individually or cumulatively, much less that a new trial is warranted. Defendants express disagreement with the rulings but little else of persuasive value. They cite no legal

7

authority that was, or could not have been, cited pre-verdict. Defendants have not carried their burden to establish either that these rulings were wrong or that, if errors they were, they were prejudicial enough to warrant a new trial. *See, e.g., BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 697 F. Supp. 2d 1001, 1037 (N.D. Ill. 2010); *Goldberg v. 401 N. Wabash Venture LLC*, 2013 WL 4506004, at *25–30 (N.D. Ill. Aug. 23, 2013).

Defendants also assert that they were prejudiced by the questioning of defendants Guevara and Mingey (items 2 and 4). As was predicted before trial, both witnesses answered almost all the questions put to them by invoking the Fifth Amendment testimonial privilege. Defendants claim that the court allowed Rivera's counsel to misstate the law and introduce factual theories and a theory of *Monell* liability for which there was no other foundation in the record. Defendants lodged numerous foundation objections during Mingey and Guevara's testimony, and the court ruled on them. Defendants argue that the court "inhibited" defendants from objecting by overruling their objections repeatedly, Officer Defs.' Mot. New Trial 8, ECF No. 713; *see also id.* at 14, 17 (acknowledging objections were made; conceding that claimed prejudice "may not have been apparent to the Court at the time'"). Defendants' claim that the court somehow cowed their lawyers is risible. The record of the testimony itself, defendants' subsequent request for a mistrial on grounds similar to those raised here, and the entire trial transcript show that counsel on all sides of this very contentious trial were undeterred from preserving the record and objecting vociferously and often. Accordingly and in light of counsel's failure to object and for all of the reasons stated at trial, a new trial is not warranted on this ground. *See Willis v. Lepine*, 687 F.3d 826, 838 (7th Cir. 2012) (citing *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 482 (7th Cir. 2000) (affirming denial of Rule 59(a) motion and finding that defendant waived objections not made at trial).

For similar reasons, defendants' recycled arguments concerning limiting instructions and final jury instructions (item 3) were fully litigated at trial. Again, defendants offer no newly issued case law that should change the court's mind, and their disagreement with the court's rulings do not warrant a new trial here.

Neither have defendants shown the verdict was against the manifest weight of the evidence (items 1 and 6). The City essentially recapitulates arguments against *Monell* liability considered and rejected at summary judgment, at the motion in limine stage, and when litigating jury instructions. The City catalogs the issues, but its arguments are ultimately reruns. *See* City Mot. New Trial 1–16, ECF No. 708. The verdict against the City was not against the manifest weight of the evidence. The court adheres to its prior rulings.

Turning to the officer defendants' manifest weight arguments, the court recognizes that it has broader discretion when deciding whether to order a new trial than when considering a sufficiency of the evidence challenge. *See Mejia v. Cook County, Ill.,* 650 F.3d 631, 633 (7th Cir. 2011); *Gen. Foam Fabricators, Inc. v. Tenneco Chems., Inc.,* 695 F.2d 281, 285 (7th Cir. 1982). Even so, "[a] verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict.'" *Willis*, 687 F.3d at 836 (quoting *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008)). Particularly in light of this standard, the officer defendants' arguments fail to persuade. They first say that Rivera built his case primarily on adverse inferences improperly drawn from Mingey and Guevara's testimony. ECF No. 713 at 30. The court has already dealt with this issue (see preceding page).

Defendants' remaining arguments are unconvincing. The jury findings on the questions whether the first lineup occurred (which was not corroborated by Lopez's testimony alone) and whether the police officers to whom Lopez testified he recanted did not go against the evidence's

9

manifest weight. Significant evidence, including written police reports, corroborate the existence of the first lineup. And it would be almost impossible to obtain further evidence corroborating Lopez's testimony about his recantation to Guevara since only one other person (McLaughlin) was alleged to have been in the room at the time. The court notes that the jury was particularly attentive to the testimony and evidence surrounding Lopez's recantation, as indicated by the refusal to impose liability on McLaughlin, whom plaintiff argued was the other person in the room. For all of these reasons and more, the verdict will not be disturbed as against the manifest weight of the evidence.

The final two items charge cumulative error (items 7 and 8). Defendants say that the cumulative misconduct of plaintiff's trial counsel plus all of the alleged errors they catalog warrant a new trial. *See Whiting v. Westray,* 294 F.3d 943, 944 (7th Cir. 2002) (discussing standard for cumulative error based on alleged attorney misconduct). After applying the applicable standards, the court does not find that the trial was "fundamentally unfair." *Christmas v. City of Chicago,* 682 F.3d 632, 643 (7th Cir. 2012) (citing *United States v. Powell,* 652 F.3d 702, 706 (7th Cir. 2011)).

The lawyers fought each other tooth and nail for nearly four weeks, and it is fair to characterize the tactics used by counsel for all parties as hard-nosed at most times. Emotions ran high. Rivera spent more than 20 years in prison for a crime he did not commit. He argued that it was the defendants' fault. The defendants had many responses, chief among them that Rivera's ordeal was tragic but ultimately Lopez's fault.

From the court's observations, the jury was unusually engaged and attentive. The seriousness with which it undertook its task and its attention to the details of the complicated facts showed great facility in penetrating the dense fog of facts and arguments created by counsel

on all sides. The court's observations of the jury are borne out in the verdict itself. The jury did not give plaintiff all of the actual damages he sought, it declined to impose liability on one of the defendants entirely, and it apportioned punitive damages among the three officer defendants in a way that is consistent with careful consideration of their comparative culpability. To be sure, defendants have identified isolated incidents of conduct of plaintiff's counsel that test the elasticity of the concept of zealous advocacy, *see* ECF No. 713 at 34-36. When objections were made, the court reigned plaintiff's counsel in. Nevertheless, considering the trial as a whole and for the foregoing reasons, the court perceives nothing approaching fundamental unfairness here nor the sort of prejudicial misconduct that warrants a new trial. Accordingly and for all of the reasons stated herein and in the court's prior rulings, defendant's post-verdict motions under Rules 59(a) and 50(b) are denied.

      It is so ordered.


Date:   September 20, 2019                                     /s/
                                                                      Joan B. Gottschall
                                                                      United States District Judge